# EXHIBIT "A"

1   Erica K. Rocush State Bar No. 262354
    erica.rocush@ogletreedeakins.com

2   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Steuart Tower, Suite 1300

3   One Market Plaza
    San Francisco, CA  94105

4   Telephone:    415.442.4810
    Facsimile:    415.442.4870

5

6   Robert R. Wennagel CA Bar No. 240640
    robert.wennagel@ogletreedeakins.com

7   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Park Tower, Suite 1500

8   695 Town Center Drive
    Costa Mesa, CA  92626

9   Telephone:    714.800.7900
    Facsimile:    714.754.1298

10  Attorneys for Defendant ALLIANCE RESIDENTIAL, LLC, dba
    Alliance Residential Company

11

12                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                      **FOR THE COUNTY OF LOS ANGELES**

14

| 15 | GUADALUPE MEJIA as an individual and on behalf of all others similarly situated | Case No. BC466175 |
|---|---|---|
| 16 | | [Assigned for all purposes to The Honorable Emilie H. Elias, Dept. 324] |
| 17 |           Plaintiff, | |
| 18 |   vs. | **DEFENDANT ALLIANCE RESIDENTIAL, LLC'S NOTICE OF REMOVED ACTION** |
| 19 | ALLIANCE RESIDENTIAL, LLC, dba Alliance Residential Company; and DOES 1 through 25 | Action Filed:       July 26, 2011 |
| 20 |           Defendant. | |
| 21 | | |

22

23

24

25

26

27

28

**COPY**

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 2 7 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Glorietta Robinson

1167873_1.DOC

1    PLEASE TAKE NOTICE that on the 26th day of October, 2011, Alliance Residential,

2    LLC, defendant in the above-entitled action, filed in the United States District Court for the Central

3    District of California its Notice of Removal for the removal of this action to that Court. A full and

4    correct copy of said Notice of Removal is herewith served on you and filed with you, attached as

5    **Exhibit "1"**.

6    PLEASE TAKE FURTHER NOTICE THAT Plaintiff, through counsel, is being served

7    herewith with copies of notices and papers provided to Defendant by the United States District

8    Court upon filing their Notice of Removal, which copies are attached hereto as **Exhibit "2"** and are

9    more particularly described as follows:

10    1.   Notice of Assignment to United States Magistrate Judge for Discovery;

11    2.   Clerk's Office Services for Attorneys and the General Public

12    3.   Notice to Counsel

13    4.   United States District Court Central District of California Civility and Professionalism

14    Guidelines

15    Defendant respectfully requests that this Court proceed no further in this action unless and

16    until such time as the action may be remanded by order of the United States District Court for the

17    Central District of California.

18

19

20    DATED: October 27, 2011                OGLETREE, DEAKINS, NASH, SMOAK &
                                             STEWART, P.C.
21

22

23                                          By: _____
                                                 Erica K. Rocush
24                                               Robert R. Wennagel

25                                          Attorneys for Defendant ALLIANCE
                                            RESIDENTIAL, LLC, dba Alliance Residential
26                                          Company

27    11167873.1 (OGLETREE)

28

2

NOTICE OF REMOVED ACTION

EXHIBIT "1"

*FILED*

2011 OCT 26 PM 3: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  Erica K. Rocush State Bar No. 262354
   erica.rocush@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  Steuart Tower, Suite 1300
   One Market Plaza
4  San Francisco, CA  94105
   Telephone:  415.442.4810
5  Facsimile:  415.442.4870

6  Robert R. Wennagel CA Bar No. 240640
   robert.wennagel@ogletreedeakins.com
7  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
8  Park Tower, Suite 1500
   695 Town Center Drive
9  Costa Mesa, CA  92626
   Telephone:  714.800.7900
10 Facsimile:  714.754.1298

11 Attorneys for Defendant ALLIANCE RESIDENTIAL,
   LLC, dba Alliance Residential Company
12

13              UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15
                                    Case No.  CV11-8879-DDP
16 GUADALUPE MEJIA as an individual                    (JCGx)
   and on behalf of all others similarly
17 situated                           NOTICE OF REMOVAL

18             Plaintiff,            *[Filed Concurrently Herewith:
                                     Declaration of Cameron Omoto;
19       v.                          Declaration of Robert Wennagel in
                                     Support of Removal; Notice of Related
20 ALLIANCE RESIDENTIAL, LLC, dba    Cases; Notice of Interested Parties]*
   Alliance Residential Company; and
21 DOES 1 through 25

22             Defendant.

23

24

25

26

27

28

COPY

11135779_1.DOC

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL

2   DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF

3   RECORD:

4          PLEASE TAKE NOTICE that Defendant Alliance Residential, LLC

5   ("Defendant") through its undersigned counsel, hereby removes the above-captioned

6   action from the Superior Court of the State of California for the County of Los

7   Angeles, to the United States District Court for the Central District of California,

8   Central Division pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§

9   1332(d), 1441 and 1446.

10         Defendant's Notice of Removal is based on the following:

11                        **THE STATE COURT ACTION**

12         1.     On or about July 26, 2011, Plaintiff Guadalupe Mejia ("Plaintiff") filed

13   an unverified Class Action Complaint for damages and injunctive relief (the

14   "Complaint") in the Superior Court of the State of California, County of Los

15   Angeles, entitled "GUADALUPLE MEJIA as an individual and on behalf of all

16   others similarly situated, Plaintiff, v. ALLIANCE RESIDENTIAL, LLC, dba

17   Alliance Residential Company; and DOES 1 through 25, Defendants," Case No.

18   BC466175.  A true and correct copy of the Class Action Complaint is attached to the

19   concurrently filed Declaration of Robert Wennagel ("Wennagel Decl.") as **Exhibit**

20   **A**.

21         2.     On or about August 10, 2011, Plaintiff Guadalupe Mejia filed an

22   unverified First Amended Class Action Complaint.  The First Amended Class Action

23   Complaint asserts claims for:  (1) "Failure to Pay Overtime (Labor Code §§ 204,

24   510, 558, 1194, and 1198)"; (2) "Wage Statement Violations (Labor Code § 226 *et*

25   *seq.*)"; (3) "Waiting Time Penalties (Labor Code §§ 201 – 203)"; (4) "Unfair

26   Competition (Violation of California Business & Professions Code § 17200 *et seq.*)";

27   (5) and "Civil Penalties under the Private Attorneys General Act (Labor Code § 2698

28   *et seq.*)".  A true and correct copy of the First Amended Class Action Complaint as it

1  was served on Defendant is attached to the Wennagel Decl. as **Exhibit B**.

2        3.    Defendant, through its counsel Ogletree, Deakins, Nash, Smoak &

3  Stewart, P.C., acknowledged service of the First Amended Complaint on or about

4  September 26, 2011.  A true and correct copy of the Notice of Acknowledgment of

5  Receipt is attached to the Wennagel Decl. as **Exhibit C**.

6        4.    Defendant timely filed an Answer to the First Amended Class Action

7  Complaint in State Court on October 25, 2011.  A true and correct copy of the

8  Answer is attached to the Wennagel Decl. as **Exhibit D**.

9        5.    All other processes and pleadings of which Alliance is aware of having

10  been filed or served in this action are attached to the Wennagel Decl. as **Exhibits E**

11  **and F**.

12  ### THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY

13  ### PURSUANT TO THE CLASS ACTION FAIRNESS ACT

14        7.    In relevant part, the Class Action Fairness Act of 2005 ("CAFA") grants

15  federal district courts original jurisdiction over civil class action lawsuits filed under

16  federal or state law in which any member of a class of plaintiffs is a citizen of a state

17  different from any defendant, and where the matter in controversy exceeds the sum

18  or value of $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

19  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

20  While there are a number of exceptions to this rule of original jurisdiction contained

21  in amended 28 U.S.C. §§ 1332(d)(3)-(5), none of them applies here.

22        8.    This Court has original jurisdiction over this case under 28 U.S.C.

23  § 1332(d) of CAFA, in that it is a civil action filed as a class action with an amount

24  in controversy that exceeds the sum of $5 million, exclusive of interest and costs,

25  and at least one member (if not all) of the alleged class of plaintiffs is a citizen of a

26  state different from Defendant.

27        9.    This action has been brought as a putative class action pursuant to

28  California Code of Civil Procedure § 382 on behalf of a putative class of California

1  employees with an aggregate potential membership in excess of 100 individuals.

2    10. The diversity requirement of CAFA is satisfied when at least one

3  plaintiff is a citizen of a state in which none of the defendants are citizens, when one

4  plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or when

5  one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. 28

6  U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

7    11. For diversity purposes, a person is a "citizen" of the state in which he or

8  she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.

9  1983). A person's domicile is the place where they reside with the intention to

10  remain or to which they intend to return. *Kanter v. Warner–Lambert Co.*, 265 F.3d

11  853, 857 (9th Cir. 2001). Plaintiff was at the time of the filing of this action, and still

12  is believed to be, a resident of the County of Los Angeles and is therefore a citizen of

13  the State of California. (Plaintiff's First Amended Class Action Complaint ("FAC"),

14  ¶ 4.)

15    12. Pursuant to United States Code, Title 28, Section 1332(c), "a

16  corporation shall be deemed to be a citizen of any State by which it has been

17  incorporated and of the State where it has its principal place of business." The

18  Supreme Court has established the proper test for determining a corporation's

19  principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v.*

20  *Friend*, 130 S. Ct. 1181 (2010). Under this test, the "'principal place of business' [as

21  contained in section 1332(c)] is best read as referring to the place where a

22  corporation's officers direct, control, and coordinate the corporation's activities." *Id.*

23  at 1184. The Court further clarified that the principal place of business was the place

24  where the corporation "maintains its headquarters - provided that the headquarters is

25  the actual center of direction, control and coordination." *Id.*

26    13. Defendant was at the time this action was commenced, and still is, a

27  limited liability company established and registered under the laws of the State of

28  Arizona, with its principal place of business in the State of Arizona. Alliance is not,

11125779_1.DOC

1   and never has been, domiciled in the State of California, wherein this action was

2   brought and wherein Plaintiff resides.  (Declaration of Cameron Omoto ("Omoto

3   Decl.") at ¶ 2.)  Defendant's principal place of business is located in the State of

4   Arizona because its headquarters, and its executive and senior management

5   personnel, as well as its primary management operations, are located in Phoenix,

6   Arizona.  (Omoto Decl. at ¶ 2.)  Specifically, Defendant's President, Chief Financial

7   Officer, Chief Operating Officer, Senior Managing Director, and highest ranking

8   Human Resources employees are all located in Phoenix, Arizona, and these

9   corporate officers direct, control, and coordinate the Company's activities from

10  Arizona.  (Omoto Decl. at ¶ 3.)  Accordingly, Defendant is not a citizen of the State

11  of California.

12       14.    "For purposes of removal . . . the citizenship of defendants sued under

13  fictitious names shall be disregarded." 28 U.S.C. § 1441(a).  Inclusion of "Doe"

14  defendants in a state court complaint has no effect on removability.  *Newcombe v.*

15  *Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that in determining

16  whether diversity of citizenship exists, only the named defendants are considered);

17  *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984)

18  (holding that the rule in the Ninth Circuit is that non-served defendants are not

19  required to join in a removal petition).  Therefore, Plaintiff's inclusion of DOES 1

20  through 25 in the Complaint cannot defeat diversity jurisdiction.

21       15.    Based upon the foregoing, diversity is established because Plaintiff is a

22  citizen of California (and indeed all putative plaintiffs are believed to be citizens of

23  California) and Defendant is not a citizen of California.

24                    **AMOUNT IN CONTROVERSY**

25       16.    Section 1332(d) of CAFA authorizes the removal of class action cases

26  in which, among other factors mentioned above, the amount in controversy for all

27  class members exceeds $5 million.  In the First Amended Complaint, Plaintiff does

28  not allege any specific amount in controversy.  This failure of the FAC to clearly

4

11135779_1.DOC

1  specify the total amount of monetary relief sought by Plaintiff does not deprive this
2  Court of jurisdiction, however. *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25,
3  26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding
4  the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules
5  were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place
6  a specific dollar claim upon its claim."). Rather, in order for this case to come under
7  CAFA jurisdiction, Defendant simply needs to establish by a preponderance of the
8  evidence that Plaintiff's claims exceed the jurisdictional minimum. *Sanchez v.*
9  *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm*
10  *Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Guglielmino v. McKee*
11  *Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (in CAFA removal actions, where
12  the amount in controversy is unclear from the face of the complaint, defendant must
13  produce underlying facts showing that it is more likely than not that the amount in
14  controversy exceeds $5 million).
15      17.    While Defendant denies the validity of Plaintiff's claims and requests
16  for relief, based on the facial allegations in the Complaint, the alleged damages
17  exceed CAFA's jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d
18  295, 298 (5th Cir. 1999) (finding that facts presented in notice of removal, combined
19  with plaintiff's allegations, were sufficient to support finding of jurisdiction);
20  *DeAguillar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (stating that
21  "defendant can show by a preponderance of the evidence that the amount in
22  controversy is greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.*,
23  980 F.2d 564, 566-67 (9th Cir. 1992); *White v. FCI USA, Inc.*, 319 F.3d 672, 674
24  (5th Cir. 2003) (facially apparent from the lengthy list of damages, combined with a
25  claim for attorneys' fees, that plaintiff's claim exceeded the jurisdictional threshold).
26      18.    In the First Amended Complaint, Plaintiff alleges that he and other non-
27  exempt putative class members throughout California were not properly paid
28  overtime pay because Defendant allegedly failed to include a non-discretionary

1    bonus in the calculated regular rate of pay used to determine overtime payments.

2    (FAC at ¶ 1.)  As a result, Plaintiff also claims he and the putative class members

3    were not provided accurate wage statements, that he and putative class members

4    were not properly paid wages and benefits upon termination, and that Defendant

5    failed to keep accurate payroll records.  (FAC, passim).  Plaintiff further claims that

6    as a result of these alleged violations, he and the other putative class members are

7    entitled to, among other things, statutory penalties and civil penalties under the

8    California Private Attorneys General Act, Cal. Labor Code §§ 2698 *et seq.*

9    ("PAGA"), compensatory damages, equitable relief, attorneys' fees and costs.

10   (FAC, passim).

11        19.   In determining the amount in controversy for CAFA, all potential

12   damages based on the claims in the complaint, as well as attorneys' fees, are

13   properly included.  *Guglielmino*, 506 F.3d at 701 (unspecified attorneys' fees are

14   appropriately counted toward the amount in controversy in CAFA removal actions);

15   *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *3 (E.D. Cal., May 1, 2007)

16   (slip copy) ("In measuring the amount in controversy, a court must assume that the

17   allegations of the complaint are true and that a jury will return a verdict for the

18   plaintiffs on all claims made in the complaint.").  Defendant has performed a

19   preliminary analysis[1] of its records for the purpose of calculating the amount in

20   controversy in this action, and pursuant to its calculations, and based on the putative

21   class as defined by Plaintiff in the First Amended Complaint, as detailed more

22   thoroughly below, Defendant estimates that the amount in controversy is,

23   conservatively, at least **$11,550,278.00**, which clearly satisfies CAFA's jurisdictional

24   prerequisite. (Omoto Decl. at ¶¶ 7-9.)[2]

25

26   [1] Based on the nature of the allegations in the First Amended Complaint, Alliance
     has not yet had an opportunity to thoroughly analyze its employment and wage data.
27   Therefore, the calculations contained herein are based on an initial review of the
     data, which is subject to revision after a complete analysis has been conducted.
28   [2] For purposes of effecting removal pursuant to 28 USC §1332(d), declarations from
     a defendant or its counsel constitute sufficient evidence to establish the amount in

11135779_1.DOC

20.    In the First Cause of Action, Plaintiff seeks to recover, on behalf of himself and a putative class of "Defendant's current and former hourly non-exempt employees who worked at Defendant's residential properties in California and received incentive pay and overtime compensation during the four years immediately preceding the filing of the complaint through the present"[3] for alleged non-payment of overtime wages due to the alleged miscalculation of overtime rates by Defendant. (FAC at ¶¶ 9, 16-21.)  Because, as shown below, CAFA's jurisdictional minimum is well exceeded without including such damages in the calculation (and due to the intensity of the labor required to do so), Defendant has not recalculated the regular rate of pay for each putative class member to factor in the bonuses and calculate alleged unpaid overtime, and Defendant therefore has not included the alleged unpaid overtime in its damages calculations.  Clearly, however, the inclusion of a recalculated rate of pay would increase, not insubstantially, the amount in controversy in this matter.

21.    Plaintiff's Second Cause of Action seeks damages for applicable penalties because Defendant allegedly "failed to furnish them [sic] and members of the WAGE STATEMENT CLASS with accurate and complete wage statements regarding their regular rates of pay, rates of overtime pay, number of hours worked at each corresponding rate of pay, total gross wages earned, and total net wages earned in violation of Labor Code § 226."  (FAC, ¶¶ 23-25.)  Plaintiff seeks "statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit" in the Second Cause of Action under Labor Code Sections 226 and 226.3.  Based on

---

controversy. *See Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 at *2, 3 (holding that removal was proper where amount in controversy was established by information contained in a declaration from the defendant setting forth the underlying facts needed to calculate the amount in controversy based on the allegations in the complaint as well as a declaration from counsel containing the estimated calculations themselves).

[3] Defendant disputes that the putative class as alleged would, under any circumstances, be a proper class. However, Defendant's calculations contained herein are based on the putative class as alleged by Plaintiff, which Defendant reserves the right to challenge.

7

11135779_1.DOC

1 these allegations, Defendant could be found liable to each California employee for

2 each pay period during the Class Period that the employee was employed, up to the

3 statutory maximum.[4]  Based on the number of pay periods worked by each putative

4 class member, the amount in controversy for the statutory penalties for failure to

5 provide accurate wage statements is estimated as approximately **$755,100.00**.

6 (Omoto Decl. at ¶ 7.)

7       22.    Plaintiff's Third Cause of Action seeks penalties under Section 203 of

8 the Labor Code for failure to pay wages in a timely manner upon the Plaintiff's and

9 putative class members' terminations or resignations.  (FAC at ¶¶ 26-29.)  As alleged

10 in the FAC, such a penalty would apply to any employee who left his or her

11 employment and had worked any overtime (even as little as one hour of overtime) at

12 any time during the Class Period, because such overtime would not have been

13 properly calculated and paid, as it would not have included a calculation for the

14 bonus payment.  Plaintiff's claims on behalf of putative class members include all

15 non-exempt employees employed by Defendant in California who left their

16 employment with Defendant at any time during the Class Period.[5]  If such penalties

17 were awarded to all putative class members, they would amount to not less than

18 **$1,222,173.60**.  (Omoto Decl. at ¶ 8.)

19       23.    Plaintiff's Fifth Cause of Action in the FAC seeks penalties pursuant to

20 the Labor Code Private Attorney Generals' Act of 2004 ("PAGA"), California Labor

21 Code § 2698 *et seq*.  (FAC at ¶¶ 36-41.)  Labor Code § 2699(f) provides a civil

22 penalty of $100 for each injured employee per pay period for the initial violation and

23 $200 for each injured employee per pay period for each subsequent violation for

24 alleged violation of those Labor Code sections for which a civil penalty is not

25

26

27 [4] The statute of limitations for a claim under § 226(e) is one year.  *See* Cal. Code of Civ. Proc. § 340(a).

28 [5] The statute of limitations for "waiting time" penalties under Labor Code § 203 is three years.  *See* Cal. Labor Code § 203; Cal. Code of Civ. Proc. § 338.

8

NOTICE OF REMOVAL

11135779_1.DOC

1  provided.[6]  Plaintiff seeks penalties pursuant to PAGA for all of the underlying

2  Labor Code violations alleged in the First Amended Complaint, including non-

3  payment of overtime pay, failure to provide employees with complete and accurate

4  wage statements, and failure to pay wages in a timely manner.  (FAC at ¶ 38.)

5  Defendant's analysis determined that the amount in controversy as PAGA penalties

6  is approximately **$7,262,950.00**.  (Omoto Decl. at ¶ 9.)  This includes penalties both

7  for allegedly unpaid wages, unpaid wages at the time of termination, and allegedly

8  non-compliant wage statements, broken down as follows:

9          a.     Penalties under Labor Code § 1198 for allegedly unpaid

10          overtime: $1,510,200.00.

11          b.     Penalties under Labor Code § 558 for allegedly unpaid overtime:

12          $755,100.00.

13          c.     Penalties under Labor Code § 204 for allegedly unpaid wages:

14          $1,510,200.00.

15          d.     Penalties under Labor Code § 201/202 or allegedly unpaid wages

16          at the time of termination or resignation: $40,000.00.

17          e.     Penalties under Labor Code § 216 for alleged refusal to pay

18          wages: $1,510,200.00.

19          f.     Penalties under Labor Code § 226.3 for allegedly non-compliant

20          wage statements and employment records: $1,937,250.00.

21  (Omoto Decl. at ¶ 9.)

22      24.    Plaintiff seeks to recover attorneys' fees for each of the causes of action

23  and bases for recovery contained in the FAC.  (FAC, Prayer for Relief, ¶ 10.)  A

24  realistic estimate of Plaintiff's attorneys' fees is 25% of the total recovery.  *See*

25  *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 at *4, fn 8 (noting that "in

26  California, where wage and hour class actions have settled prior to trial for millions

27

28  [6] The statute of limitations for penalty claims under PAGA is one year.  *See* Cal.
Code of Civ. Proc. § 340(a).

1  of dollars, it is not uncommon for an attorneys' fee award to be in the realm of 25%

2  to 30% of the settlement"). Although the jurisdictional minimum of CAFA is met

3  without considering attorneys fees, it is well established that in determining whether

4  a complaint meets the amount in controversy requirement, the Court should consider

5  attorneys' fees. *Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v. C.P.C.*

6  *Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into

7  account to determine jurisdictional amounts); *Guglielmino v. McKee Foods Corp.*,

8  506 F.3d 696 at 701 (holding that attorney's fees must be included in determining the

9  amount in controversy in CAFA removal actions); *Sanchez v. Wal-Mart Stores, Inc.*,

10  2007 WL 1345706 at *2 (E.D. Cal., May 8, 2007) (finding that, even if a more

11  conservative estimate of compensatory damages totaling less than $5,000,000.00 was

12  appropriate, the addition of alleged attorney's fees should be included in determining

13  the amount in controversy). Because the amount in controversy for all of Plaintiff's

14  claims is approximately **$9,240,223.00**, as detailed above, Plaintiff's attorneys' fees

15  must be estimated as approximately **$2,310,055.70**.

16      25.    The total amount in controversy, based on each of the categories listed

17  above, is **$11,550,278.00**. Although Defendant specifically denies Plaintiff's claims

18  and denies that Plaintiff will recover any of the relief sought, it is clear from the

19  scope of the relief sought that the amount in controversy arising from the relief

20  Plaintiff seeks exceeds the $5,000,000.00 jurisdictional threshold of 28 U.S.C.

21  § 1332(d).

22                         **VENUE IS PROPER**

23      26.    In accordance with United States Code, Title 28, Section 1441(a), this

24  notice of removal is filed in the district court of the United States in which the action

25  is pending. The Superior Court of California, County of Los Angeles is located

26  within the Central District of California, Central Division. 28 U.S.C. § 84(c)(3).

27  Therefore, venue is proper in this Court because it is the "district and division

28  embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

27.    In accordance with United States Code, Title 28, Section § 1446(a), this notice of removal is accompanied by the Declaration of Robert Wennagel and the attached Exhibits A through F, which constitute a copy of all processes, pleadings, and orders served upon Defendant.

28.    As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30 days after Defendant was first served with a copy of the Summons and Complaint.

29.    As required by 28 U.S.C. §1446(d), Defendant provided notice of this removal to Plaintiff through his attorney of record.

30.    As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Los Angeles.

31.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

WHEREFORE, Defendant Alliance Residential, LLC removes the above-action to this Court.


DATED: October 26, 2011           OGLETREE, DEAKINS, NASH, SMOAK &
                                  STEWART, P.C.


                                  By: _____
                                      Erica K. Rocush
                                      Robert R. Wennagel
                                      Attorneys for Defendant ALLIANCE
                                      RESIDENTIAL, LLC, dba Alliance
                                      Residential Company

11135779.1 (OGLETREE)

11135779_1.DOC

00/00/2011  16:10:27 FAX 2132499990          NATIONWIDE LEGAL

 

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Guadalupe Mejia as an individual and on behalf of all others similarly situated

**DEFENDANTS**

Alliance Residential, LLC, dba Alliance Residential Company; and Does 1 through 25

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Hernaldo J. Baltodano, Esq.
BALTODANO & BALTODANO
992 Monterey St., Suite D, San Luis Obispo, CA 93401 (805) 322-

**Attorneys** (If Known)

Erica K. Roush, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC
One Market Plaza, Suite 1300
San Francisco, CA 94105  (415) 442-4810

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removed under Class Action Fairness Act and diversity jurisdiction, 28 U.S.C. §1332.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |

# CV11-8879

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Arizona |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date October 26, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

00/00/2011  16:10:27 FAX 2132499990        NATIONWIDE LEGAL                                    1

FILED

2011 OCT 26 PM 3: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Erica K. Rocush State Bar No. 262354
   erica.rocush@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  Steuart Tower, Suite 1300
   One Market Plaza
4  San Francisco, CA 94105
   Telephone:  415.442.4810
5  Facsimile:   415.442.4870

6  Robert R. Wennagel CA Bar No. 240640
   robert.wennagel@ogletreedeakins.com
7  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
8  Park Tower, Suite 1500
   695 Town Center Drive
9  Costa Mesa, CA 92626
   Telephone:  714.800.7900
10 Facsimile:   714.754.1298

11 Attorneys for Defendant ALLIANCE RESIDENTIAL,
   LLC, dba Alliance Residential Company

12

13

14

15

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

16 GUADALUPE MEJIA as an individual        Case No. CV11-8879-DDP
   and on behalf of all others similarly                          JCGx
17 situated
                                          NOTICE OF RELATED CASES
18          Plaintiff,
                                          *[Filed Concurrently Herewith: Notice of*
19      v.                                *Removal; Declaration of Robert*
                                          *Wennagel in Support of Removal;*
20 ALLIANCE RESIDENTIAL, LLC, dba         *Declaration of Cameron Omoto; Notice of*
   Alliance Residential Company; and      *Interested Parties]*
21 DOES 1 through 25

22          Defendant.

23

24

25

26

27

28

COPY

11136H1_1 DOC

NOTICE OF RELATED CASES

1  **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2  **DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL**

3  **OF RECORD:**

4     Pursuant to Local Rule 83-1.3 of this Court, the undersigned, counsel of

5  record for Defendant Alliance Residential, LLC ("Defendant"), certifies that

6  Defendant is not aware of any actions previously filed or currently pending in the

7  Central District that, together with the instant action, arise from or involve the same

8  or closely related transactions, happenings or events, or call for determination of the

9  same or substantially related or similar questions of law and fact, or will entail

10  substantial duplication of labor if heard by different judges.

11

12

13  DATED:  October 26, 2011          OGLETREE, DEAKINS, NASH, SMOAK &
                                      STEWART, P.C.
14

15

16                                  By: _____
                                        Erica K. Rocush
17                                      Robert R. Wennagel
                                        Attorneys for Defendant ALLIANCE
18                                      RESIDENTIAL, LLC, dba Alliance
                                        Residential Company
19

20

21  11136141.1 (OGLETREE)

22

23

24

25

26

27

28

11136141_1.DOC

1

FILED

1   Erica K. Rocush State Bar No. 262354
    erica.rocush@ogletreedeakins.com
2   OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
3   Steuart Tower, Suite 1300
    One Market Plaza
4   San Francisco, CA  94105
    Telephone:  415.442.4810
5   Facsimile:   415.442.4870

2011 OCT 26  PM 3: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

6   Robert R. Wennagel CA Bar No. 240640
    robert.wennagel@ogletreedeakins.com
7   OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
8   Park Tower, Suite 1500
    695 Town Center Drive
9   Costa Mesa, CA  92626
    Telephone:  714.800.7900
10  Facsimile:   714.754.1298

11  Attorneys for Defendant ALLIANCE RESIDENTIAL,
    LLC, dba Alliance Residential Company
12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15

16  GUADALUPE MEJIA as an individual      Case No. **CV11-8879-DDP**
    and on behalf of all others similarly                    **(JCGx)**
17  situated
                                          **CERTIFICATION OF INTERESTED**
18              Plaintiff,                **PARTIES PURSUANT TO LOCAL**
                                          **RULE 7-1.1**
19       v.
                                          *[Filed Concurrently Herewith: Notice of*
20  ALLIANCE RESIDENTIAL, LLC, dba        *Removal; Declaration of Robert*
    Alliance Residential Company; and     *Wennagel in Support of Removal;*
21  DOES 1 through 25                     *Declaration of Cameron Omoto; Notice of*
                                          *Related Cases]*
22              Defendant.

23

24

25

26

27

28

11116144.1.DOC

CERTIFICATE OF INTERESTED PARTIES

1  TO PLAINTIFF GUADALUPE MEJIA AND HIS COUNSEL OF

2  RECORD, AND THE CLERK OF THE UNITED STATES DISTRICT

3  COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

4      The undersigned counsel of record for Defendant Alliance Residential, LLC

5  certifies that the following listed parties have a direct, pecuniary interest in the

6  outcome of this case.  These representations are made to enable the Court to evaluate

7  possible disqualifications or recusal.

8      The interested parties include:

9      1.    Plaintiff GUADALUPE MEJIA

10      2.    Defendant ALLIANCE RESIDENTIAL, LLC.

11

12

13  DATED:  October 26, 2011        OGLETREE, DEAKINS, NASH, SMOAK &

14                        STEWART, P.C.

15

16                By:

17                      Erica K. Rocush

                     Robert R. Wennagel

18                      Attorneys for Defendant ALLIANCE

                     RESIDENTIAL, LLC, dba Alliance

19                      Residential Company

20

21  11136144.1 (OGLETREE)

22

23

24

25

26

27

28

11136144_1.DOC

CERTIFICATE OF INTERESTED PARTIES

00/00/2011  16:10:27 FAX 2132499990     NATIONWIDE LEGAL                                    1

# COPY

1  Erica K. Rocush State Bar No. 262354
   erica.rocush@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  Steuart Tower, Suite 1300
   One Market Plaza
4  San Francisco, CA  94105
   Telephone:  415.442.4810
5  Facsimile:  415.442.4870

6  Robert R. Wennagel CA Bar No. 240640
   robert.wennagel@ogletreedeakins.com
7  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
8  Park Tower, Suite 1500
   695 Town Center Drive
9  Costa Mesa, CA  92626
   Telephone:  714.800.7900
10 Facsimile:  714.754.1298

11 Attorneys for Defendant ALLIANCE RESIDENTIAL,
   LLC, dba Alliance Residential Company

12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15



16 GUADALUPE MEJIA as an individual      Case No. CV11-8879-DDP
   and on behalf of all others similarly            (JCGx)
17 situated
                                         DECLARATION OF ROBERT
18            Plaintiff,                  WENNAGEL IN SUPPORT OF
                                         DEFENDANT'S NOTICE OF
19    v.                                 REMOVAL

20 ALLIANCE RESIDENTIAL, LLC, dba        *[Filed Concurrently Herewith: Notice of
   Alliance Residential Company; and     Removal; Declaration of Cameron
21 DOES 1 through 25                      Omoto; Notice of Related Cases; Notice
                                          of Interested Parties]*
22            Defendant.

23

24

25

26

27

28

## DECLARATION OF ROBERT WENNAGEL

I, Robert Wennagel, hereby declare and state as follows:

1.      I am an attorney at law duly licensed and admitted to the United States District Court for the Central District of California.  I am an associate with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., counsel of record for Defendant Alliance Residential, LLC ("Defendant") in this action.  I am sufficiently familiar with the facts and circumstances reflected below surrounding this litigation that if called to testify I could and would competently do so under oath.

2.      On or about July 26, 2011, Plaintiff Guadalupe Mejia ("Plaintiff") filed an unverified Class Action Complaint for damages and injunctive relief (the "Complaint") in the Superior Court of the State of California, County of Los Angeles, entitled "GUADALUPLE MEJIA as an individual and on behalf of all others similarly situated, Plaintiff, v. ALLIANCE RESIDENTIAL, LLC, dba Alliance Residential Company; and DOES 1 through 25, Defendants," Case No. BC466175.  A true and correct copy of the Class Action Complaint is attached hereto as **Exhibit A**.

3.      On or about August 10, 2011, Plaintiff Guadalupe Mejia filed an unverified First Amended Class Action Complaint.  The First Amended Class Action Complaint asserts claims for:  (1) Failure to Pay Overtime (Labor Code §§ 204, 510, 558, 1194, and 1198); (2) Wage Statement Violations (Labor Code § 226 *et seq.*); (3) Waiting Time Penalties (Labor Code §§ 201 – 203); (4) Unfair Competition (Violation of California Business & Professions Code § 17200 *et seq.*); and (5) Civil Penalties under the Private Attorneys General Act (Labor Code § 2698 *et seq.*).  A true and correct copy of the First Amended Class Action Complaint as it was served on Defendant is attached hereto as **Exhibit B**.

4.      Erica Rocush, a shareholder for Ogletree, Deakins, Nash, Smoak & Stewart, P.C. and counsel of record for Defendant Alliance Residential, LLC in this matter, acknowledged service of the First Amended Complaint on or about

1  September 26, 2011.  A true and correct copy of the Notice of Acknowledgment of

2  Receipt is attached hereto as **Exhibit C**.

3       5.    Defendant timely filed an Answer to the First Amended Class Action

4  Complaint in State Court on October 25, 2011.  A true and correct copy of the

5  Answer is attached hereto as **Exhibit D**.

6       6.    On or about August 9, 2011, the court designated the state court action

7  as non-complex and reassigned it to Judge Elizabeth Allen White.  Attached as

8  **Exhibit E** is a true and correct copy of the Court's Minute Order Designating Case

9  Non-Complex.

10      7.    The court has scheduled a Case Management Conference in the state

11 court action for January 3, 2012.  Attached as **Exhibit F** are true and correct copies

12 of the Notice of Case Management Conference served by the state court and

13 Plaintiff's Notice of Case Management Conference.

14      8.    Plaintiff's Complaint and First Amended Complaint, the Notice of

15 Acknowledgment, the Court's Minute Order Designating Case Non-Complex, the

16 Notice of Case Management Conference served by the state court, Plaintiff's Notice

17 of Case Management Conference, and Defendant's Answer to the Complaint

18 constitute a copy of all process, pleadings, and orders served upon or filed by

19 Defendant in this matter.

20      I declare under penalty of perjury under the laws of the State of California and

21 the United States of America that the foregoing is true and correct.

22      Executed on October 26, 2011, at Costa Mesa, California.

23

24

Robert Wennagel

25

26 11136097.1 (OGLETREE)

27

28

EXHIBIT "A"

1    BALTODANO & BALTODANO LLP
    Hernaldo J. Baltodano (SBN 222286)
2    Erica Flores Baltodano (SBN 222331)
    992 Monterey Street, Suite D
3    San Luis Obispo, California 93401
    Phone: (805) 322-3412
4    Fax:    (805) 322-3413
    Email: hjb@bbemploymentlaw.com
5
    FELAHY LAW GROUP, APC
6    Allen B. Felahy (SBN 190177)
    Oscar Ramirez (SBN 236768)
7    4000 Cover Street, Suite 100
    Long Beach, California 90808
8    Phone: (562) 499-2121
    Fax:    (562) 499-2124
9    Email: oramirez@felahylaw.com

10   Attorneys for Plaintiff GUADALUPE MEJIA
     and the CLASS

11

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 26 2011

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
     Mary Flores

12         SUPERIOR COURT OF THE STATE OF CALIFORNIA

13               COUNTY OF LOS ANGELES

14   GUADALUPE MEJIA as an individual and    CASE NO. **BC 466175**
15   on behalf of all others similarly situated,

16            Plaintiff,        **CLASS ACTION:**

17       v.                (1) **FAILURE TO PAY OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, AND 1198);**
18                             (2) **VIOLATION OF LABOR CODE § 226;**
19   ALLIANCE RESIDENTIAL, LLC, dba    (3) **VIOLATION OF LABOR CODE §§ 201 – 203;**
20   Alliance Residential Company; and DOES 1 through 25,     (4) **UNFAIR COMPETITION (Violation of California Business & Professions Code § 17200 *et seq.*)**
21

22          Defendants.      **DEMAND FOR JURY TRIAL**

23                       **Unlimited Civil Case**

24       Plaintiff Guadalupe Mejia (hereinafter referred to as "Plaintiff") hereby submits his

25   Class Action Complaint against Defendant Alliance Residential, LLC, dba Alliance

26   Residential Company (hereinafter referred to as "DEFENDANT") and DOES 1 through

27

28                          1

         CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   25 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself

2   and DEFENDANT'S other similarly-situated current and former hourly non-exempt

3   employees for overtime wages owed, statutory penalties for failure to maintain and

4   furnish complete and accurate wage statements, waiting time penalties, and violation of

5   Business and Professions Code §17200 *et seq.*, as follows:

<div align="center">

**INTRODUCTION**

</div>

6

7       1.      This class action is within the Court's jurisdiction under California Labor

8   Code §§ 201-204, 210, 216, 225.5, 226, 510, 558, 1194, 1198, Code of Civil Procedure

9   §§ 382 and 1021.5, California Business and Professions Code §17200 *et seq.* (Unfair

10  Competition), and other statutes and regulations applicable to hourly non-exempt

11  employees in the state of California.

12      2.      This complaint challenges illegal employment practices which violated the

13  rights of DEFENDANT'S hourly non-exempt employees who worked at residential

14  properties in the State of California  under the California Labor Code and Business and

15  Professions Code.  Since at least the four years immediately preceding the filing of this

16  complaint, DEFENDANT has engaged in, among other things, a system of willful

17  violations of the California Labor Code, Business and Professions Code, and applicable

18  IWC wage orders by creating and maintaining policies, practices and customs that:

19          • regularly and systematically miscalculated the overtime rate of pay by

20          failing to include all non-discretionary bonuses, incentive pay and other

21          forms of pay in DEFENDANT'S overtime rate calculations for its hourly

22          non-exempt employees;

23          • intentionally failed to issue complete and accurate wage statements;

24          • willfully failed to pay employees all overtime wages owed at the time of

25          their termination; and

26

27

28

<div align="center">

2

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

</div>

1    • engaged in unlawful and unfair competition causing Plaintiff and the

2    class, as defined below, to lose money and/or property.

3    3.    DEFENDANT'S policies, practices and customs described above and below

4    have resulted in DEFENDANT'S unjust enrichment and in gaining an unfair business

5    advantage over businesses that routinely adhere to the strictures of the California Labor

6    Code, Business and Professions Code, and applicable wage orders.

7    ## JURISDICTION AND VENUE

8    4.    This Court has jurisdiction over DEFENDANT'S violations of the

9    California Labor Code §§ 201-204, 210, 216, 225.5, 226, 510, 558, 1194, 1198, and

10   California Business and Professions Code §17200 *et seq.* (Unfair Competition) because

11   the amounts in controversy exceed this Court's jurisdictional minimum.

12   5.    Venue is proper under Code of Civil Procedure §§ 395(a) and 395.5 because

13   the DEFENDANT does business in Los Angeles County and the acts alleged herein took

14   place in Los Angeles County.  Further, Plaintiff does now, and at all times relevant herein

15   did, reside in Los Angeles County and conducted work activities on behalf of

16   DEFENDANT and Does 1 – 25 within Los Angeles County.

17   ## PARTIES

18   6.    Plaintiff is, and at all relevant times was, a competent natural person

19   residing in Los Angeles County.  During the four years immediately preceding the filing

20   of this complaint and within the statute of limitations periods applicable to each cause of

21   action pled herein, Plaintiff was employed as an hourly non-exempt employee at

22   DEFENDANT'S residential property referred to as "Union Lofts," located at 325 West 8th

23   Street, in Los Angeles, California.  DEFENDANT failed to pay Plaintiff all overtime

24   wages due based on the systematic miscalculation of the regular rate of pay.  Thus,

25   Plaintiffs was, and is, a victim of DEFENDANT'S policies, practices and customs

26   complained, lost money and/or property as a result of DEFENDANT'S conduct, and has

27

28
                                    3

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   been deprived of the rights guaranteed to him by California Labor Code §§ 201-204, 210,

2   216, 225.5, 226, 510, 1194, 1198, California Business and Professions Code§ 17200 *et*

3   *seq.* (Unfair Competition), and California Industrial Welfare Commission Wage Order 5-

4   2001 (hereafter "Wage Order 5-2001"), which sets employment standards for the public

5   housekeeping industry.

6       7.    Plaintiff is informed and believes, and based thereon alleges, that during the

7   four years preceding the filing of this complaint, DEFENDANT managed residential

8   properties and employed Plaintiff and other class members within Los Angeles County

9   and, therefore, DEFENDANT was and is doing business in Los Angeles County and the

10  State of California.  Consequently, and based upon all the facts and circumstances

11  incident to such business operations, DEFENDANT is subject to California Business and

12  Professions Code §17200 *et seq.* (Unfair Competition).

13      8.    Defendant Alliance Residential, LLC, dba Alliance Residential Company, is

14  an Arizona Corporation with its principal place of business in Arizona.  Plaintiff is

15  informed and believes, and based thereon alleges, that DEFENDANT manages

16  approximately 52 facilities in the State of California.  According to its website, Defendant

17  "has become one of the largest private apartment owners and the 15th largest management

18  company in the U.S., with a $6.0+ billion portfolio and 45,000 units across 22

19  metropolitan markets in 12 states."

20      9.    Plaintiff does not know the true names, capacities, relationships and/or the

21  extent of participation of DEFENDANTS DOES 1 through 25, inclusive, in the conduct

22  alleged in this Complaint.  For that reason, DEFENDANTS DOES 1 through 25,

23  inclusive, are sued under such fictitious names.  Plaintiff prays for leave to amend this

24  complaint when the true names and capacities are known.  Plaintiffs is informed and

25  believes, and based thereon alleges, that each fictitiously named defendant is and was

26  responsible in some way for the alleged wage and hour violations and other wrongful

27

28

1   conduct which subjected Plaintiff and the class, as defined below, to the illegal

2   employment practices, wrongs and injuries complained of herein.

3         10.   At all relevant times herein, each of the fictitiously named defendants

4   participated in the acts alleged to have been done by the named DEFENDANT.

5   Furthermore, the fictitiously named defendants, and each of them, were the agents,

6   servants and employees of each of the other fictitiously named defendants and the named

7   DEFENDANT, and at all times relevant herein were acting within the course and scope of

8   said agency and employment.

9                        CLASS ACTION ALLEGEATIONS

10        11.   **Definition:** The named individual Plaintiff brings this action on behalf of

11   himself and the CLASS pursuant to California Code of Civil Procedure §382.  The

12   CLASS consists of all DEFENDANT'S current and former hourly non-exempt employees

13   employed in DEFENDANT'S residential properties in California who received incentive

14   pay during the four years immediately preceding the filing of this complaint through the

15   present.

16        12.   **Numerosity:**  The members of the CLASS are so numerous that joinder of

17   all members would be impractical, if not impossible.  Although the exact number of

18   CLASS members is unknown to Plaintiff at this time and, as such, must be ascertained

19   through discovery, Plaintiff is informed and believes, and based thereon alleges, that there

20   are approximately 250 members in the proposed CLASS.  The identities of the members

21   of this CLASS are readily ascertainable by review of DEFENDANT'S employment

22   records, including payroll and time-keeping records.  Plaintiff is informed and believes,

23   and based thereon alleges, that DEFENDANT (a) failed to pay Plaintiff and the CLASS

24   all overtime wages owed, (b) intentionally and knowingly failed to maintain and furnish

25   Plaintiff and the CLASS with proper wage statements in violation of Labor Code § 226,

26   and (c) willfully failed to timely pay Plaintiff and the CLASS all final wages upon

27

28

5

1   termination of employment, all of which violate legal requirements, including IWC Wage

2   Order No. 5-2001, Labor Code §§ 201-204, 210, 216, 225.5, 226, 510, 558, 1194, 1198,

3   and California Business and Professions Code §17200 *et seq.* (Unfair Competition).

4       13.   **Common Question of Law and Fact/Well-Defined Community of**

5   **Interest:** There are predominant common questions of law and fact and a community of

6   interest amongst Plaintiff and the claims of the CLASS regarding DEFENDANT'S failure

7   to pay all overtime wages owed due to miscalculation of the regular rate of pay, the

8   willful failure to timely pay Plaintiff and the CLASS all final wages upon termination of

9   employment, and the knowing and intentional failure to maintain and furnish accurate and

10   complete wage statements, all of which comprise unfair business practices as set forth in

11   this complaint.  The common questions of law and fact include, but are not limited to:

12         a.    What forms of non-discretionary incentive compensation did

13                   DEFENDANT provide to the CLASS?

14         b.    What were DEFENDANT'S policies, practices and/or customs for

15                   paying overtime compensation?

16         c.    What were DEFENDANT'S policies, practices and/or customs for

17                   determining the regular rate of pay for purposes of overtime

18                   compensation?

19         d.    Did DEFENDANT implement and/or maintain policies, practices and/or

20                   customs whereby DEFENDANT failed to pay the CLASS overtime

21                   compensation at the correct, legally required overtime rates?

22         e.    Did DEFENDANT miscalculate the regular rate of pay for overtime

23                   purposes by failing to include non-discretionary bonuses, incentive pay

24                   and/or other compensation in the regular rate of pay?

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

f.   Does DEFENDANT'S miscalculation of the regular rate of pay for overtime purposes constitute unfair and unlawful business practices in violation of California Business and Professions Code § 17200 *et seq.*?

g.   What were DEFENDANT'S policies, practices and/or customs with respect to furnishing wage statements to the CLASS?

h.   What information did DEFENDANT include in the standard wage statements furnished to the CLASS?

i.   Did the wage statements that DEFENDANT furnished to the CLASS comply with Labor Code § 226?

j.   Does DEFENDANT'S failure to furnish the CLASS with complete and accurate wage statements constitute unfair and unlawful business practices in violation of California Business and Professions Code § 17200 *et seq.*?

k.   What were DEFENDANT'S policies, practices and/or customs for the timing and amount of payment of final wages to the CLASS at the time of separation from employment?

l.   What were DEFENDANT'S policies, practices and/or customs for ensuring compliance with Labor Code § 203, which governs the timing and amount of payment of final wages to the CLASS at the time of separation from employment?

m.   Does DEFENDANT'S failure to timely pay the CLASS all of their final wages at the time of separation from employment constitute unfair and unlawful business practices in violation of California Business and Professions Code § 17200 *et seq.*?

14.   **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual CLASS members, including,

7

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

among other things, (a) whether DEFENDANT continuously and systematically miscalculated the regular rate for overtime purposes by failing to include non-discretionary bonuses, incentive pay and/or other compensation in the regular rate; (b) whether DEFENDANT failed to maintain and issue complete and accurate wage statements to the CLASS; and (c) whether DEFENDANT is liable for systematically failing to timely pay all wages owed to the CLASS at the time of termination.

15.     **Typicality:**  The claims of Plaintiff are typical of the claims of all members of the CLASS.  Plaintiff is a member of the CLASS and suffered injury resulting from the alleged violations of California Labor Code §§ 201-204, 210, 216, 225.5, 226, 510, 558, 1194, 1198 and IWC Wage Order No. 5-2001.  Because of DEFENDANT'S systemic policies, practices and customs applicable to the CLASS, Plaintiff was denied overtime compensation, was not furnished with complete and accurate wage statements, and did not receive all of his final wages at the time of termination.

16.     **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the CLASS.  Like the CLASS, Plaintiff was employed by DEFENDANT as an hourly non-exempt employee in California at one of DEFENDANT'S residential facilities and suffered the same or similar injuries as a result of DEFENDANT'S failure to comply with the applicable California employment laws and regulations governing overtime compensation, record-keeping requirements, and timely payment of wages.  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the CLASS and the individual Plaintiff.  Plaintiff's attorneys have prosecuted and defended wage-and-hour class actions in the past and are committed to vigorously prosecuting this action on behalf of the CLASS.

17.     The California Labor Code is broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the

8

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  average working employee from exploitation by employers who have the responsibility to

2  follow the laws and who may seek to take advantage of superior economic and bargaining

3  power in setting onerous terms and conditions of employment.

4      18.    The nature of this action and the format of laws available to Plaintiff and the

5  CLASS make the class action format a particularly efficient and appropriate procedure to

6  redress the wrongs alleged herein.  If each employee were required to file an individual

7  lawsuit, the corporate DEFENDANT would necessarily gain an unconscionable

8  advantage since they would be able to exploit and overwhelm the limited resources of

9  each individual plaintiff with their vastly superior financial and legal resources.

10  Requiring each CLASS member to pursue an individual remedy would also discourage

11  the assertion of lawful claims by employees who would be disinclined to file an action

12  against their former and/or current employer for real and justifiable fear of retaliation and

13  permanent damages to their careers at subsequent employment.

14      19.    The prosecution of separate actions by the individual CLASS members,

15  even if possible, would create a substantial risk of (a) inconsistent adjudications with

16  respect to individual CLASS members against the DEFENDANT and which would

17  establish potentially incompatible standards of conduct for the DEFENDANT, and/or (b)

18  adjudications with respect to individual CLASS members which would, as a practical

19  matter, be dispositive of the interests of the other CLASS members not parties to the

20  adjudications or which would substantially impair or impede the ability of the CLASS

21  members to protect their interests.  Further, the claims of the individual CLASS members

22  are not sufficiently large to warrant vigorous individual prosecution considering all of the

23  concomitant costs and expenses.

24      20.    Such a pattern, practice and uniform administration of corporate policy

25  regarding employee compensation described herein is unlawful and creates an entitlement

26  to recovery by Plaintiff and the CLASS in a civil action for the unpaid amount of

27

28

1  overtime wages owed, including interest thereon, applicable statutory penalties,

2  reasonable attorney's fees, and costs of suit according to California Labor Code §1194 *et*

3  *seq.* and Code of Civil Procedure § 1021.5.

4      21.    Proof of a common business practice or factual pattern will establish the

5  right of each CLASS member to recovery on the causes of action alleged herein.

6      22.    The CLASS is entitled to a common fund with respect to the compensation

7  illegally and unfairly retained by DEFENDANT.  The CLASS is commonly entitled to

8  restitution of those funds being improperly withheld by DEFENDANT.

9  <div align="center">**FIRST CAUSE OF ACTION**</div>

10  <div align="center">**FAILURE TO PAY OVERTIME WAGES**</div>

11  <div align="center">**(AGAINST ALL DEFENDANTS)**</div>

12      23.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 as

13  though fully set forth herein.

14      24.    This cause of action is brought pursuant to Labor Code §§ 204, 510, 558,

15  1194, and 1198, which provide that hourly non-exempt employees are entitled to all

16  overtime wages and compensation for work performed, and provide a private right of

17  action for failure to pay all overtime compensation for overtime work performed.

18      25.    At all times relevant herein, DEFENDANT was required to properly

19  compensate non-exempt, hourly employees, including Plaintiff and the CLASS, for all

20  overtime hours worked pursuant to California Labor Code § 1194 and IWC Wage Order

21  No. 5-2001.  Wage Order 5-2001, § 3 requires an employer to pay an employee "one and

22  one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per

23  work day and/or in excess of 40 hours of work in the workweek.  Wage Order 5-2001, § 3

24  also requires an employer to pay an employee double the employee's regular rate of pay

25  for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the

26  seventh consecutive day of work in the workweek.  Plaintiff and the CLASS worked

27

28

<div align="center">10</div>

<div align="center"></div>

1   overtime hours.

2   26.   Plaintiff is informed and believes, and based thereon alleges that,

3   DEFENDANT regularly and systematically, as a policy and practice, miscalculated the

4   overtime rate of pay by failing to include all non-discretionary bonuses, incentive pay and

5   other forms of pay augmentation in DEFENDANT'S overtime rate calculations for

6   Plaintiff and the CLASS.  Accordingly, Plaintiff and the CLASS were not compensated at

7   the appropriate rate of overtime pay for all hours they were subject to the control of

8   DEFENDANT, including all time they were suffered or permitted to work.

9   27.   DEFENDANT'S policy and practice of requiring overtime work and not

10   paying at the proper rate for said work violates California Labor Code §§ 204, 510, 558,

11   1194, and 1198, and the applicable California Industrial Welfare Commission wage

12   order(s).

13   28.   Such a practice and uniform administration of corporate policy regarding

14   illegal employee compensation, as described herein, is unlawful and creates an

15   entitlement to recovery by Plaintiff and the CLASS in a civil action for the unpaid amount

16   of overtime premiums owing, including interest thereon, statutory penalties, attorney's

17   fees, and costs of suit according to California Labor Code §§ 204, 510, 558, 1194, and

18   1198, and Code of Civil Procedure § 1021.5.

19   <u>SECOND CAUSE OF ACTION</u>

20   WAGE STATEMENT AND RECORD-KEEPING VIOLATIONS

21   (AGAINST ALL DEFENDANTS)

22   29.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 as

23   though fully set forth herein.

24   30.   Plaintiff is informed and believes, and based thereon alleges that,

25   DEFENDANT knowingly and intentionally, as a matter of uniform policy and practice,

26   failed to maintain and furnish accurate and complete wage statements to Plaintiff and the

27

28

11

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

CLASS regarding their regular rates of pay, rates of overtime pay, gross wages earned, and net wages earned in violation of Labor Code § 226.

31.     DEFENDANT'S failure to maintain records of, and furnish to Plaintiff and the CLASS, accurate, itemized wage statements resulted in Plaintiff and the CLASS suffering actual injury, as said failures led to the non-payment of Plaintiff and the CLASS' overtime wages, and deprived them of the information necessary to identify the discrepancies in DEFENDANT'S reported data.

32.     DEFENDANT'S failures creates an entitlement to recovery by Plaintiff and the CLASS in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, statutory penalties, reasonable attorney's fees, and costs of suit according to California Labor Code § 226.

### THIRD CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES UPON TERMINATION OF EMPLOYMENT

### (AGAINST ALL DEFENDANTS)

33.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34.     This cause of action is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit. Furthermore, in the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages shall become due and payable not later than 72 hours upon said employee's last date of employment.

35.     Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform corporate policy and practice, DEFENDANT failed and continues to

12

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

fail to pay Plaintiff and the CLASS all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203, and that such failure was willful within the meaning of Labor Code § 203.

36.    DEFENDANT'S wilful failure to timely provide Plaintiff and the CLASS the earned wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and members of the CLASS who have separated from employment are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

<div align="center">

**FOURTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(AGAINST ALL DEFENDANTS)**

</div>

37.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38.    DEFENDANT has engaged and continues to engage in unfair and unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by practicing, employing and utilizing the employment practices outlined above, such as (a) failing to pay Plaintiff and the CLASS all overtime wages owed due to miscalculation of the regular rate of pay, (b) intentionally and knowingly failing to maintain and furnish to Plaintiff and the CLASS accurate and complete wage statements in violation of Labor Code § 226, and (c) willfully failing to timely pay Plaintiff and the CLASS all final wages upon termination of employment.

39.    DEFENDANT'S utilization of such unfair and unlawful business practices both deprives Plaintiff and the CLASS of the compensation to which they are legally entitled and also constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANT'S competitors who have been and/or are currently

<div align="center">

13

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

</div>

1  employing workers and attempting to do so in honest compliance with applicable wage

2  and hour laws.

3      40.    Plaintiff, for himself and on behalf of the CLASS, pursuant to Business and

4  Professions Code §§ 17203 and 17208, seeks full restitution of monies, as necessary and

5  according to proof, to restore any and all monies withheld, acquired and/or converted by

6  the DEFENDANT by means of the unfair practices complained of herein.

7      41.    The acts complained of herein occurred within the last four years

8  immediately preceding the filing of the complaint in this action.

9      42.    Plaintiff was compelled to retain the services of counsel to file this court

10  action to protect his interests and those of the CLASS, to obtain restitution and injunctive

11  relief on behalf of DEFENDANT'S current hourly non-exempt employees, and to enforce

12  important rights affecting the public interest.  Plaintiff has thereby incurred the financial

13  burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil

14  Procedure § 1021.5.

15                          **PRAYER FOR RELIEF**

16      WHEREFORE, Plaintiff prays for judgment for himself and all others on whose

17  behalf this suit is brought against DEFENDANT, as follows:

18      1.  For an order certifying the proposed CLASS;

19      2.  For an order appointing Plaintiff as representative of the CLASS;

20      3.  For an order appointing Counsel for Plaintiff as Class Counsel;

21      4.  Upon the First Cause of Action, for compensatory, consequential, general

22          and special damages according to proof pursuant to Labor Code §§ 204,

23          510, 558, 1194, and 1198;

24      5.  Upon the Second Cause of Action, for statutory penalties pursuant to Labor

25          Code § 226;

26

27

28                              14

       CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

6. Upon the Third Cause of Action, for waiting time penalties pursuant to Labor Code § 203;

7. Upon the Fourth Cause of Action, for restitution to Plaintiff and the CLASS of all funds unlawfully acquired by DEFENDANT by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

8. An injunction against DEFENDANT, pursuant to section 17203 of the California Business and Professions Code, to prevent DEFENDANT from engaging in such future unlawful, unfair and fraudulent business practices. The CLASS is also entitled to an order requiring DEFENANT to disgorge the ill-gotten gains obtained by engaging in these unlawful business practices and to provide restitution to all persons who have suffered damages or injury as a result of these unlawful business practices, during the applicable limitations period.  The restitution includes all monies retained as wages, all waiting time penalties as defined in Labor Code §§ 201, 202, 203, 510, 558, 1194, pre-judgment interest, and attorneys' fees as a result of the unfair business practices;

9. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6;

10. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226 and 1194 and Code of Civil Procedure § 1021.5; and

11. For such other and further relief the Court may deem just and proper.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Dated:  July 26, 2011

Respectfully submitted,

BALTODANO & BALTODANO LLP

Hernaldo J. Baltodano, Esq.
Erica Flores Baltodano, Esq.
Attorneys for Plaintiff and the Class

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated:  July 26, 2011

Respectfully submitted,

BALTODANO & BALTODANO LLP

Hernaldo J. Baltodano, Esq.
Erica Flores Baltodano, Esq.
Attorneys for Plaintiff and the Class

16

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

EXHIBIT "B"

1  BALTODANO & BALTODANO LLP
   Hernaldo J. Baltodano (SBN 222286)
2  Erica Flores Baltodano (SBN 222331)
   992 Monterey Street, Suite D
3  San Luis Obispo, California 93401
   Phone: (805) 322-3412
4  Fax:    (805) 322-3413
   Email: hjb@bbemploymentlaw.com
5
   FELAHY LAW GROUP, APC
6  Allen B. Felahy (SBN 190177)
   Oscar Ramirez (SBN 236768)
7  4000 Cover Street, Suite 100
   Long Beach, California 90808
8  Phone: (562) 499-2121
   Fax:    (562) 499-2124
9  Email: oramirez@felahylaw.com

10 Attorneys for Plaintiff GUADALUPE MEJIA
   and the CLASS
11

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 10 2011

John A. Clarke, Executive Officer/Clerk
BY Kim Hilaire, Deputy

12         SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    COUNTY OF LOS ANGELES

14

15 GUADALUPE MEJIA as an individual and    CASE NO. BC466175
   on behalf of all others similarly situated,
16                                          FIRST AMENDED CLASS ACTION
                                            COMPLAINT:
17          Plaintiff,
                                            (1) FAILURE TO PAY OVERTIME
18     v.                                       WAGES (LABOR CODE §§ 204,
                                                510, 558, 1194, AND 1198);
19                                          (2) WAGE STATEMENT
   ALLIANCE RESIDENTIAL, LLC, dba              VIOLATIONS (LABOR CODE §
20 Alliance Residential Company; and DOES 1     226 et seq.);
   through 25,                              (3) WAITING TIME PENALTIES
21                                              (LABOR CODE §§ 201 – 203);
                                            (4) UNFAIR COMPETITION
22          Defendants.                         (Violation of California Business &
                                                Professions Code § 17200 et seq.);
23                                          (5) CIVIL PENALTIES UNDER THE
                                                PRIVATE ATTORNEYS
24                                              GENERAL ACT (LABOR CODE
                                                § 2698 et seq.)
25
                                            DEMAND FOR JURY TRIAL
26
                                            Unlimited Civil Case
27

28                                 1

                    FIRST AMENDED CLASS ACTION COMPLAINT

1   Plaintiff Guadalupe Mejia (hereinafter referred to as "Plaintiff") hereby submits his

2   Class Action Complaint against Defendant Alliance Residential, LLC, dba Alliance

3   Residential Company (hereinafter referred to as "DEFENDANT") and DOES 1 through

4   25 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself and

5   DEFENDANT'S other similarly-situated current and former hourly non-exempt

6   employees for overtime wages owed, statutory penalties for failure to furnish complete

7   and accurate wage statements, waiting time penalties, and violation of Business and

8   Professions Code §17200 *et seq.*, as follows:

9   ## INTRODUCTION

10   1.   This complaint challenges illegal employment practices which violated the

11   rights of DEFENDANT'S hourly non-exempt employees who worked at residential

12   properties in the State of California under the California Labor Code and Business and

13   Professions Code.  Since at least the four years immediately preceding the filing of the

14   complaint, DEFENDANT has engaged in, among other things, a system of willful

15   violations of the California Labor Code, Business and Professions Code, and applicable

16   IWC wage orders by creating and maintaining policies, practices and customs that:

17   • regularly and systematically miscalculated the overtime rate of pay by failing to

18   include all non-discretionary bonuses, incentive pay and other forms of pay in

19   DEFENDANT'S overtime rate calculations for its hourly non-exempt employees,

20   including Plaintiff;

21   • intentionally failed to issue complete and accurate wage statements to hourly

22   non-exempt employees, including Plaintiff;

23   • willfully failed to pay hourly non-exempt employees, including Plaintiff, all

24   overtime wages owed at the time of their termination; and

25   • engaged in unlawful and unfair competition causing Plaintiff and the classes, as

26   defined below, to lose money and/or property.

27

28   2

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over DEFENDANT'S violations of the California Labor Code §§ 201-204, 210, 216, 225.5, 226, 510, 558, 1194, 1198, and California Business and Professions Code §17200 *et seq.* (Unfair Competition) because the amounts in controversy exceed this Court's jurisdictional minimum.

3.     Venue is proper under Code of Civil Procedure §§ 395(a) and 395.5 because the DEFENDANT does business in Los Angeles County and the acts alleged herein took place in Los Angeles County.  Further, Plaintiff does now, and at all times relevant herein did, reside in Los Angeles County and was employed by DEFENDANT and Does 1 – 25 within Los Angeles County.

## PARTIES

4.     Plaintiff is, and at all relevant times was, a competent natural person residing in Los Angeles County.  During the four years immediately preceding the filing of the complaint and within the statute of limitations periods applicable to each cause of action pled therein, Plaintiff was employed as an hourly non-exempt employee at DEFENDANT'S residential property referred to as "Union Lofts," located at 325 West 8th Street, in Los Angeles, California.  Plaintiff was, and is, a victim of DEFENDANT'S policies and/or practices complained, lost money and/or property as a result of DEFENDANT'S conduct, and  has been deprived of the rights guaranteed to him by California Labor Code §§ 201-204, 210, 216, 225.5, 226, 510, 1194, 1198, California Business and Professions Code§ 17200 *et seq.* (Unfair Competition), and California Industrial Welfare Commission Wage Order 5-2001 (hereafter "Wage Order 5-2001"), which sets employment standards for the public housekeeping industry.

5.     Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the complaint, DEFENDANT did business by managing residential properties and employed Plaintiff and other hourly non-exempt employees

3

1  within Los Angeles County and, therefore, was and is doing business in Los Angeles

2  County and the State of California.

3       6.    Defendant Alliance Residential, LLC, dba Alliance Residential Company, is

4  an Arizona Corporation with its principal place of business in Arizona. Plaintiff is

5  informed and believes, and based thereon alleges, that DEFENDANT manages

6  approximately 52 residential properties in the State of California. According to its

7  website, Defendant "has become one of the largest private apartment owners and the 15th

8  largest management company in the U.S., with a $6.0+ billion portfolio and 45,000 units

9  across 22 metropolitan markets in 12 states."

10       7.    Plaintiff does not know the true names, capacities, relationships and/or the

11  extent of participation of DEFENDANTS DOES 1 through 25, inclusive, in the conduct

12  alleged in this First Amended Complaint. For that reason, DEFENDANTS DOES 1

13  through 25, inclusive, are sued under such fictitious names. Plaintiff prays for leave to

14  amend this First Amended Complaint when the true names and capacities are known.

15  Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named

16  defendant is and was responsible in some way for the alleged wage and hour violations

17  and other wrongful conduct which subjected Plaintiff and the classes to the illegal

18  employment practices, wrongs and injuries complained of herein.

19       8.    At all relevant times herein, each of the fictitiously named defendants

20  participated in the acts alleged to have been done by DEFENDANT. Furthermore, each

21  fictitiously named defendant was the agent, servant and employee of each of the other

22  fictitiously named defendants and DEFENDANT, and at all times relevant herein was

23  acting within the course and scope of said agency and employment.

24  ///

25  ///

26  ///

27

28

<div align="center">4</div>

<div align="center">FIRST AMENDED CLASS ACTION COMPLAINT</div>

## CLASS ACTION ALLEGATIONS

9.    **Definition:** The named individual Plaintiff brings this action on behalf of himself and the CLASS pursuant to California Code of Civil Procedure §382.  The OVERTIME PAY CLASS consists of all DEFENDANT'S current and former hourly non-exempt employees who worked at DEFENDANT'S residential properties in California and received incentive pay and overtime compensation during the four years immediately preceding the filing of the complaint through the present.  The WAGE STATEMENT CLASS consists of all DEFENDANT'S former and currently hourly non-exempt employees who worked at DEFENDANT'S residential properties in California during the one year immediately preceding the filing of the complaint through the present. The WAITING TIME PENALTY CLASS consists of all DEFENDANT'S former hourly non-exempt employees who worked at DEFENDANT'S residential properties in California during the three years immediately preceding the filing of the complaint through the present.

10.    **Numerosity:**  The members of the CLASSES are so numerous that joinder of all members would be impractical, if not impossible.  Although the exact number of members of the CLASSES is unknown to Plaintiff at this time and, as such, must be ascertained through discovery, Plaintiff is informed and believes, and based thereon alleges, that there are approximately 250 members in the proposed CLASSES.  The identities of the members of the CLASSES are readily ascertainable by review of DEFENDANT'S employment records, including payroll and time-keeping records.

11.    **Common Question of Law and Fact/Well-Defined Community of Interest:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the members of the CLASSES regarding DEFENDANT'S failure to pay all overtime wages owed due to miscalculation of the regular rate of pay, the willful failure to timely pay all final wages upon termination of employment, and the

FIRST AMENDED CLASS ACTION COMPLAINT

knowing and intentional failure to furnish accurate and complete wage statements, all of which comprise unfair business practices as set forth in this First Amended Complaint. The common questions of law and fact include, but are not limited to:

    a.    What forms of non-discretionary incentive compensation did DEFENDANT provide to members of the OVERTIME PAY CLASS?

    b.    What were DEFENDANT'S policies and/or practices for paying overtime compensation to members of the OVERTIME PAY CLASS?

    c.    What were DEFENDANT'S policies and/or practices for determining the regular rate of pay for purposes of overtime compensation to the OVERTIME PAY CLASS?

    d.    Did DEFENDANT maintain policies and/or practices whereby it failed to pay members of the OVERTIME PAY CLASS overtime compensation at the correct, legally required overtime rates?

    e.    Did DEFENDANT miscalculate the regular rate of pay for overtime purposes by failing to include all non-discretionary bonuses, incentive pay and/or other compensation in the regular rate of pay?

    f.    Is DEFENDANT liable for miscalculation of the regular rate of pay for overtime purposes, in violation of California Business and Professions Code § 17200 *et seq.*?

    g.    What were DEFENDANT'S policies and/or practices with respect to furnishing wage statements to members of the WAGE STATEMENT CLASS?

    h.    What information did DEFENDANT include in the standard wage statements furnished to members of the WAGE STATEMENT CLASS?

    i.    Did the wage statements that DEFENDANT furnished to members of the WAGE STATEMENT CLASS comply with Labor Code § 226?

6

j.    Is DEFENDANT liable for failing to furnish to members of the WAGE STATEMENT CLASS complete and accurate wage statements, in violation of California Business and Professions Code § 17200 *et seq.*?

k.    What were DEFENDANT'S policies and/or practices for the timing and amount of payment of final wages to members of the WAITING TIME PENALTY CLASS at the time of separation from employment?

l.    What were DEFENDANT'S policies and/or practices for ensuring compliance with Labor Code § 203, which governs the timing of payment of final wages to members of the WAITING TIME PENALTY CLASS at the time of separation from employment?

m.    Is DEFENDANT liable for failing to timely pay members of the WAITING TIME PENALTY CLASS all final wages at the time of separation from employment, in violation of California Business and Professions Code § 17200 *et seq.*?

12.    **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the CLASSES. The common questions of law set forth above are numerous, substantial, and stem from DEFENDANT'S policies and practices applicable to each individual CLASS member. As such, these common questions predominate over individual questions concerning each individual CLASS member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

13.    **Typicality:**  The claims of Plaintiff are typical of the claims of the CLASSES because he was employed as an hourly non-exempt employee by DEFENDANT during the statutes of limitation applicable to each cause of action pled herein and subject to DEFENDANT's policies and/or practices regarding employee compensation.  As alleged herein, Plaintiff, like the members of the CLASSES, was

7

FIRST AMENDED CLASS ACTION COMPLAINT

1  deprived of all overtime wages, furnished with inaccurate and incomplete wage

2  statements, and failed to timely receive all of his final wages at the time of termination.

3      14.   **Adequacy of Representation:** The named Plaintiff is fully prepared to

4  take all necessary steps to represent fairly and adequately the interests of the members of

5  the CLASSES.  Moreover, Plaintiff's attorneys are ready, willing and able to fully and

6  adequately represent the members of the CLASSES and the individual Plaintiff.

7  Plaintiff's attorneys have prosecuted and defended wage-and-hour class actions in state

8  and federal courts in the past and are committed to vigorously prosecuting this action on

9  behalf of the members of the CLASSES.

10      15.   **Superiority:** The California Labor Code is broadly remedial in nature and

11  serves an important public interest in establishing minimum working conditions and

12  standards in California.  These laws and labor standards protect the average working

13  employee from exploitation by employers who have the responsibility to follow the laws

14  and who may seek to take advantage of superior economic and bargaining power in

15  setting onerous terms and conditions of employment.  The nature of this action and the

16  format of laws available to Plaintiff and members of the CLASSES make the class action

17  format a particularly efficient and appropriate procedure to redress the violations alleged

18  herein.  If each employee were required to file an individual lawsuit, the corporate

19  DEFENDANT would necessarily gain an unconscionable advantage since it would be

20  able to exploit and overwhelm the limited resources of each individual plaintiff with its

21  vastly superior financial and legal resources.  Moreover, requiring each member of the

22  CLASSES to pursue an individual remedy would also discourage the assertion of lawful

23  claims by employees who would be disinclined to file an action against their former

24  and/or current employer for real and justifiable fear of retaliation and permanent damages

25  to their careers at subsequent employment.  The individual claims of the members of the

26

27

28

1   CLASSES, moreover, are not sufficiently large to warrant vigorous individual

2   prosecution considering all of the concomitant costs and expenses.

3

4   ### FIRST CAUSE OF ACTION

5   ### FAILURE TO PAY OVERTIME WAGES

6   ### (AGAINST ALL DEFENDANTS)

7       16.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 as

8   though fully set forth herein.

9       17.    This cause of action is brought pursuant to Labor Code §§ 204, 510, 558,

10   1194, and 1198, which provide that hourly non-exempt employees are entitled to all

11   overtime wages and compensation for hours worked, and provide a private right of action

12   for the failure to pay all overtime compensation for overtime work performed.

13       18.    At all times relevant herein, DEFENDANT was required to properly

14   compensate hourly non-exempt employees, including Plaintiff and members of the

15   OVERTIME PAY CLASS, for all overtime hours worked pursuant to California Labor

16   Code § 1194 and IWC Wage Order No. 5-2001.  Wage Order 5-2001, § 3 requires an

17   employer to pay an employee "one and one-half (1½) times the employee's regular rate of

18   pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in

19   the workweek.  Wage Order 5-2001, § 3 also requires an employer to pay an employee

20   double the employee's regular rate of pay for work in excess of 12 hours each work day

21   and/or for work in excess of 8 hours on the seventh consecutive day of work in the

22   workweek.  Plaintiff and members of the OVERTIME PAY CLASS worked overtime

23   hours.

24       19.    Plaintiff is informed and believes, and based thereon alleges that,

25   DEFENDANT regularly and systematically, as a policy and practice, miscalculated the

26   overtime rate of pay by failing to include all non-discretionary bonuses, incentive pay and

27

28

<div align="center">9</div>

1   other forms of pay augmentation in DEFENDANT'S overtime rate calculations for

2   Plaintiff and members of the OVERTIME PAY CLASS.  Accordingly, Plaintiff and

3   members of the OVERTIME PAY CLASS were not compensated at the appropriate rate

4   of overtime pay for all hours worked.

5        20.    DEFENDANT'S policy and practice of requiring overtime work and not

6   paying at the proper overtime rate for said work violates California Labor Code §§ 204,

7   210, 216, 510, 558, 1194, and 1198, and IWC Wage Order 5-2001.

8        21.    Such a practice and practice is unlawful and creates an entitlement to

9   recovery by Plaintiff and members of the OVERTIME PAY CLASS in a civil action for

10  the unpaid amount of overtime premiums owing, including interest thereon, statutory

11  penalties, civil penalties, attorney's fees, and costs of suit according to California Labor

12  Code §§ 204, 210, 216, 510, 558, 1194, 1198, 2698 *et seq.*, and Code of Civil Procedure §

13  1021.5.

14

15              **SECOND CAUSE OF ACTION**

16  **WAGE STATEMENT VIOLATIONS UNDER LABOR CODE SECTION 226**

17                 **(AGAINST ALL DEFENDANTS)**

18       22.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 as

19  though fully set forth herein.

20       23.    Plaintiff is informed and believes, and based thereon alleges that,

21  DEFENDANT knowingly and intentionally, as a matter of uniform policy and practice,

22  failed to furnish them and members of the WAGE STATEMENT CLASS with accurate

23  and complete wage statements regarding their regular rates of pay, rates of overtime pay,

24  number of hours worked at each corresponding rate of pay, total gross wages earned, and

25  total net wages earned in violation of Labor Code § 226.

26       24.    DEFENDANT'S failure to furnish Plaintiff and members of the WAGE

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1  STATEMENT CLASS with complete and accurate itemized wage statements resulted in

2  actual injury, as said failures led to the non-payment of their overtime wages and deprived

3  them of the information necessary to identify the discrepancies in DEFENDANT'S

4  reported data.

5      25.    DEFENDANT'S failures creates an entitlement to recovery by Plaintiff and

6  members of the WAGE STATEMENT CLASS in a civil action for all damages and/or

7  penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties,

8  reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226

9  and 226.3.

10

11              **THIRD CAUSE OF ACTION**

12   **FAILURE TO TIMELY PAY ALL WAGES UPON TERMINATION OF**

13                  **EMPLOYMENT**

14              **(AGAINST ALL DEFENDANTS)**

15      26.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 as

16  though fully set forth herein.

17      27.    This cause of action is brought pursuant to Labor Code §§ 201-203 which

18  require an employer to pay all wages immediately at the time of termination of

19  employment in the event the employer discharges the employee or the employee provides

20  at least 72 hours of notice of his/her intent to quit.  In the event the employee provides

21  less than 72 hours of notice of his/her intent to quit, said employee's wages become due

22  and payable not later than 72 hours upon said employee's last date of employment.

23      28.    DEFENDANT failed to timely pay Plaintiff all of his final wages at the time

24  of termination.  Further, Plaintiff is informed and believes, and based thereon alleges, that

25  as a matter of uniform policy and practice, DEFENDANT failed and continues to fail to

26  pay Plaintiff and members of the WAITING TIME PENALTY CLASS all earned wages

27

28

1   at the end of employment in a timely manner pursuant to the requirements of Labor Code

2   §§ 201-203, and that such failure was willful within the meaning of Labor Code § 203.

3       29.   DEFENDANT'S willful failure to timely provide Plaintiff and members of

4   the WAITING TIME PENALTY CLASS the earned wages due and owing them upon

5   separation from employment results in a continued payment of wages up to thirty (30)

6   days from the time the wages were due.  Therefore, Plaintiff and members of the

7   WAITING TIME PENALTY CLASS are entitled to compensation pursuant to Labor

8   Code § 203, plus reasonable attorneys' fees and costs of suit.

9

10              **FOURTH CAUSE OF ACTION**

11              **UNFAIR COMPETITION**

12              **(AGAINST ALL DEFENDANTS)**

13      30.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as

14   though fully set forth herein.

15      31.   DEFENDANT has engaged and continues to engage in unfair and/or

16   unlawful business practices in California in violation of California Business and

17   Professions Code § 17200 *et seq.*, by  (a) failing to pay Plaintiff and members of the

18   OVERTIME PAY CLASS all overtime wages owed due to miscalculation of the regular

19   rate of pay, (b) intentionally and knowingly failing to furnish Plaintiff and members of the

20   WAGE STATEMENT CLASS with accurate and complete wage statements in violation

21   of Labor Code § 226, and (c) willfully failing to timely pay Plaintiff and members of the

22   WAITING TIME PENALTY CLASS all final wages upon termination of employment.

23      32.   DEFENDANT'S utilization of these unfair and/or unlawful business

24   practices deprived Plaintiff and continues to deprive members of the CLASSES of

25   compensation to which they are legally entitled, constitutes unfair and/or unlawful

26   competition, and provides an unfair advantage over DEFENDANT'S competitors who

27

28                         12

1   have been and/or are currently employing workers and attempting to do so in honest

2   compliance with applicable wage and hour laws.

3        33.   Because Plaintiff is a victim of DEFENDANT'S unfair and/or unlawful

4   conducted alleged herein, Plaintiff for himself and on behalf of the members of the

5   CLASSES, seeks full restitution of monies, as necessary and according to proof, to restore

6   any and all monies withheld, acquired and/or converted by the DEFENDANT pursuant to

7   Business and Professions Code §§ 17203 and 17208.

8        34.   The acts complained of herein occurred within the last four years

9   immediately preceding the filing of the complaint in this action.

10        35.   Plaintiff was compelled to retain the services of counsel to file this court

11   action to protect his interests and those of the CLASSES, to obtain restitution, to secure

12   injunctive relief on behalf of DEFENDANT'S current hourly non-exempt employees, and

13   to enforce important rights affecting the public interest.  Plaintiff has thereby incurred the

14   financial burden of attorneys' fees and costs, which he is entitled to recover under Code

15   of Civil Procedure § 1021.5.

16

17                  **FIFTH CAUSE OF ACTION**

18      **CIVIL PENALTIES UNDER THE PRIVATE ATTORNEY'S GENERAL ACT:**

19                 **LABOR CODE § 2698 *ET SEQ.***

20                 **(AGAINST ALL DEFENDANTS)**

21        36.   Plaintiff incorporates herein by reference paragraphs 1 through 35 as though

22   fully set forth herein.

23        37.   DEFENDANT has committed several Labor Code violations against

24   Plaintiff, members of the CLASSES, and other similarly aggrieved employees.

25        38.   Plaintiff, an "aggrieved employee" within the meaning of Labor Code §

26   2698 *et seq.*, acting on behalf of himself and other similarly aggrieved employees, brings

27

28                       13

1  this action against DEFENDANT to recover the civil penalties allowed under Labor Code

2  § 2698 *et seq.* including, but not limited to, the penalties provided in Labor Code §§ 210,

3  216, 558 and 2699 for the following Labor Code violations:

4          (a)     Refusing to pay Plaintiff, the OVERTIME PAY CLASS, and other

5  similarly aggrieved employees all earned overtime compensation in violation of Labor

6  Code §§ 1194 *et seq.*;

7          (b)     Refusing to furnish Plaintiff, the WAGE STATEMENT CLASS, and

8  other similarly aggrieved employees with complete, accurate, itemized wage statements in

9  violation of Labor Code § 226;

10         (c)     Refusing to timely pay all final wages and compensation earned by

11  Plaintiff, the WAITING TIME PENALTY CLASS, and other similarly aggrieved

12  employees at the time of termination in violation of Labor Code §§ 201 - 202.

13         39.     On July 1, 2011, Plaintiff notified DEFENDANT and the California Labor

14  and Workforce Development Agency ("LWDA") via certified mail of DEFENDANT'S

15  violations of the California Labor Code and Plaintiff's intent to bring a claim for civil

16  penalties under California Labor Code § 2698 *et seq.*

17         40.     Thirty-three days have passed since Plaintiff gave his notice to the LWDA

18  on July 1, 2011, thereby allowing Plaintiff to commence this civil action against

19  DEFENDANT pursuant to Labor Code § 2699.

20         41.     Plaintiff was compelled to retain the services of counsel to file this court

21  action to protect his interests, that of the members of the CLASSES, and other similarly

22  aggrieved employees, and to assess and collect the civil penalties owed by

23  DEFENDANT. Plaintiff has thereby incurred attorneys' fees and costs, which he is

24  entitled to recover under California Labor Code § 2699.

25  ///

26  ///

27

28                                    14

                        FIRST AMENDED CLASS ACTION COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against DEFENDANT, as follows:

1. For an order certifying the proposed CLASSES;

2. For an order appointing Plaintiff as representative of the CLASSES;

3. For an order appointing Counsel for Plaintiff as Counsel for the CLASSES;

4. Upon the First Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

5. Upon the Second Cause of Action, for statutory penalties pursuant to Labor Code § 226;

6. Upon the Third Cause of Action, for waiting time penalties pursuant to Labor Code § 203;

7. Upon the Fourth Cause of Action, for restitution to Plaintiff and the OVERTIME PAY CLASS of all funds unlawfully acquired by DEFENDANT by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

8. Upon the Seventh Cause of Action, for civil penalties due to Plaintiff, the members of the CLASSES, other similarly aggrieved employees, and the State of California according to proof pursuant to California Labor Code §§ 210, 216, 558 and 2699(f) and (g);

9. Prejudgment interest on all due and unpaid wages pursuant to California

Labor Code § 218.6;

10. On all causes of action, for attorneys' fees and costs as provided by Labor

Code §§ 226 and 1194 and Code of Civil Procedure § 1021.5; and

11. For such other and further relief the Court may deem just and proper.

Dated: August 10, 2011                    Respectfully submitted,

                                          BALTODANO & BALTODANO LLP

                                          Hernaldo J. Baltodano, Esq.
                                          Erica Flores Baltodano, Esq.
                                          Attorneys for Plaintiff and the Class


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.


Dated: August 10, 2011                    Respectfully submitted,

                                          BALTODANO & BALTODANO LLP

                                          Hernaldo J. Baltodano, Esq.
                                          Erica Flores Baltodano, Esq.
                                          Attorneys for Plaintiff and the Class

16

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT "C"



BY FAX

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Hernaldo J. Baltodano (SBN 222286)<br>Erica Flores Baltodano (SBN 222331)<br>Baltodano & Baltodano LLP<br>992 Monterey Street, Suite D, San Luis Obispo, CA 93401<br>TELEPHONE NO.: 805-322-3412 x102   FAX NO. (Optional): 805-322-3413<br>E-MAIL ADDRESS (Optional): hjb@bbemploymentlaw.com<br>ATTORNEY FOR (Name): Guadalupe Mejia | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>SEP 26 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By: RAUL SANCHEZ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Guadalupe Mejia

DEFENDANT/RESPONDENT: Alliance Residential, LLC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC466175 |
|---|---|

TO (insert name of party being served): Alliance Residential, LLC

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: September 7, 2011

Hernaldo J. Baltodano
(TYPE OR PRINT NAME)                                    ▶ _____
                                                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☐   A copy of the summons and of the complaint.
2. ☑   Other (specify):
        First Amended Complaint; Summons; Notice of Case Management Conference; Civil Case Cover
        Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment; Minute Order Dated 8/9/11
        designating matter as non-complex and assigning case to Judge Elizabeth Allen White; Alternative
        Dispute Resolution (ADR) Information Package; Various LASC Stipulations

(To be completed by recipient):

Date this form is signed: 9/26/11

Erica Rocush, for Alliance Residential          Erica Rocush, attorney for Alliance Residential
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

EXHIBIT "D"

00/00/2011  16:10:27 FAX 2132499990          NATIONWIDE LEGAL

COPY



1 | Erica K. Rocush State Bar No. 262354
  | erica.rocush@ogletreedeakins.com
2 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
  | Steuart Tower, Suite 1300
3 | One Market Plaza
  | San Francisco, CA  94105
4 | Telephone:   415.442.4810
  | Facsimile:   415.442.4870
5 |
  | Robert R. Wennagel CA Bar No. 240640
6 | robert.wennagel@ogletreedeakins.com
  | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
7 | Park Tower, Suite 1500
  | 695 Town Center Drive
8 | Costa Mesa, CA  92626
  | Telephone:   714.800.7900
9 | Facsimile:   714.754.1298

10 | Attorneys for Defendant ALLIANCE RESIDENTIAL, LLC, dba
11 | Alliance Residential Company

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 2 5 2011

John A. Clarke, Executive Officer/Clerk

BY _____ , Deputy
      Myrna Milano

By Fax

12 |
13 |                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
14 |                       FOR THE COUNTY OF LOS ANGELES
15 |
16 | GUADALUPE MEJIA as an individual and on   | Case No. BC466175
   | behalf of all others similarly situated   |
17 |                                           | [Assigned for all purposes to The Honorable
   |              Plaintiff,                    | Emilie H. Elias, Dept. 324]
18 |                                           |
   |       vs.                                 | DEFENDANT ALLIANCE RESIDENTIAL,
19 |                                           | LLC'S ANSWER TO PLAINTIFF'S
   | ALLIANCE RESIDENTIAL, LLC, dba Alliance   | UNVERIFIED CLASS ACTION
20 | Residential Company; and DOES 1 through 25| COMPLAINT
   |                                           |
21 |              Defendant.                   | Action Filed:      July 26, 2011
22 |
23 |
24 |       Defendant Alliance Residential, LLC ("Defendant" or "Alliance"), hereby files its Answer
25 | to Plaintiff Guadalupe Mejia's ("Plaintiff") unverified First Amended Class Action Complaint
26 | ("Complaint") as follows:
27 |                                 GENERAL DENIAL
28 |       Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies
   | generally and specifically each and every allegation contained in Plaintiff's Complaint, and denies

1  further that Plaintiff or anyone similarly situated to Plaintiff has been injured in the amount or

2  manner alleged or in any other manner whatsoever.

### AFFIRMATIVE DEFENSES

4      Defendant asserts each of the following separate, distinct, and affirmative defenses listed

5  below.

### FIRST AFFIRMATIVE DEFENSE

7      1.    The Complaint fails to state facts sufficient to constitute a cause of action against

8  Defendant.

### SECOND AFFIRMATIVE DEFENSE

10      2.    Plaintiff's recovery in this action is barred in whole or in part by his failure to

11  exercise reasonable care and diligence to mitigate any damages allegedly incurred by him.

### THIRD AFFIRMATIVE DEFENSE

13      3.    Pursuant to the doctrine of avoidable consequences, the Complaint is barred in

14  whole or in part because Plaintiff unreasonably failed to take action to avoid his alleged damages,

15  and some or all of Plaintiff's alleged damages would have been avoided by such action.

### FOURTH AFFIRMATIVE DEFENSE

17      4.    Plaintiff cannot satisfy the requirements for a class, group or collective action.

### FIFTH AFFIRMATIVE DEFENSE

19      5.    Defendant is entitled to attorneys' fees pursuant to California Labor Code § 218.5.

### SIXTH AFFIRMATIVE DEFENSE

21      6.    Plaintiff's causes of action are barred in whole or in part by the applicable statutes

22  of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339

23  and 340, Business and Professions Code § 17208, and/or Labor Code § 203.

### SEVENTH AFFIRMATIVE DEFENSE

25      7.    Plaintiff's claims are barred, in whole or in part, by the doctrines of equity,

26  including, without limitation, unclean hands, estoppel, waiver, and laches.

### EIGHTH AFFIRMATIVE DEFENSE

28      8.    Defendant acted in good faith and had reasonable grounds for believing its actions

1  did not violate the law.

2  <center>**NINTH AFFIRMATIVE DEFENSE**</center>

3  9.     Plaintiff is not entitled to any penalty award under Section 226 or any other

4  provision of the California Labor Code or the United States Code because Plaintiff did not suffer

5  any injury due to the alleged conduct of Defendant.

6  <center>**TENTH AFFIRMATIVE DEFENSE**</center>

7  10.    Plaintiff is not entitled to any penalty award under Sections 203, 226, 256, or any

8  other provision of the California Labor Code or the United States Code because at all relevant

9  times, Defendant did not willfully, knowingly, or intentionally fail to comply with the

10  compensation provisions of the California Labor Code or United States Code but rather acted in

11  good faith and had reasonable grounds for believing that Defendant did not violate those

12  provisions.

13  <center>**ELEVENTH AFFIRMATIVE DEFENSE**</center>

14  11.    Plaintiff is not entitled to recover any penal damages, such as Plaintiff seeks under

15  the California Labor Code and United States Code, and any award of penalties would in general or

16  under the facts of Plaintiff's claims, violate Defendant's constitutional rights under the provisions

17  of the United States and California Constitutions, including but not limited to, the due process

18  clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the

19  excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the

20  United States Constitution, as well as the due process and excessive fines clauses contained in the

21  California Constitution.

22  <center>**TWELFTH AFFIRMATIVE DEFENSE**</center>

23  12.    The alleged damages, injuries, and/or losses suffered by Plaintiff, if any,

24  proximately resulted from the negligence of parties, persons, and/or entities other than Defendant,

25  and the liability of Defendant, if any, is limited in direct proportion to the percentage of fault

26  actually attributable to Defendant.

27  <center>**THIRTEENTH AFFIRMATIVE DEFENSE**</center>

28  13.    Plaintiff's alleged damages, injuries, and/or losses were proximately caused by or

<center>3</center>
<center>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT</center>

1  contributed to by the acts or omissions of others and/or by unavoidable incidents or conditions,

2  without fault on the part of Defendant, which acts, omissions, incidents and/or conditions were an

3  intervening and superseding cause of Plaintiff's alleged damages, injuries and/or losses, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

5  14.   At all times relevant hereto, Defendant performed and discharged in good faith each

6  and every obligation owed, if any, to Plaintiff, acting without malice and with the good faith belief

7  in the propriety of its conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

9  15.   Plaintiff has not suffered legally cognizable damages as a result of the matters

10  alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

12  16.   The Complaint, and each purported cause of action therein, fails to allege facts

13  sufficient to allow recovery of attorneys' fees from Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

15  17.   Plaintiff's Business and Professions Code § 17200 *et seq.* cause of action is not

16  appropriate for resolution on a representative basis and allowing such a representative claim would

17  violate the Due Process Clause of the United States and California Constitutions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

19  18.   Defendant alleges that it cannot be liable for any alleged violation of Business and

20  Professions Code § 17200 *et seq.* because its actions, conduct and/or dealings with its employees

21  were lawful, and were carried out in good faith and for legitimate business purposes.

### NINETEENTH AFFIRMATIVE DEFENSE

23  19.   Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff is not entitled

24  to an award of damages or statutory penalties.

### TWENTIETH AFFIRMATIVE DEFENSE

26  20.   Plaintiff's claims are barred because Plaintiff has failed to and cannot satisfy the

27  requirement necessary to maintain a class or collective action, including, and without limitation,

28  ascertainability, predominance, typicality, adequacy (both of the proposed representatives and

1    proposed class counsel), and superiority.

2                    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

3        21.    Plaintiff consented to any and/or all of the conduct about which he now complains.

4                    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

5        22.    Plaintiff cannot recover waiting time penalties because any alleged failure to pay

6    wages was based on a good faith dispute regarding the applicable law or facts.

7                    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

8        23.    Plaintiff's causes of action, and each of them, cannot and should not be maintained

9    as a class action pursuant to any section of the Labor Code, Government Code, Code of Civil

10   Procedure or other statute, any applicable state court rule or any applicable court decisions.

11                   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

12       24.    The Complaint and each purported cause of action alleged therein fail to state facts

13   sufficient to certify a class pursuant to Code of Civil Procedure § 382, or pursuant to any other

14   applicable law, and this action is not properly brought as a class action.

15                   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

16       25.    Plaintiff's claims are barred because he failed to exhaust internal and administrative

17   remedies, including but not limited to those provided in Cal. Lab. Code § 2699.3.

18                   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

19       26.    Penalties under the California Private Attorney General's Act are not permissible

20   because they would constitute an award of damages that would be unjust, arbitrary, oppressive, or

21   confiscatory in violation of the provisions of the California Labor Code and the United States

22   Code.

23                   **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

24       27.    Plaintiff cannot maintain some or all of his claims because there is no private right

25   of action for those claims.

26       WHEREFORE, Defendant prays as follows:

27       1.    That Plaintiff take nothing by this action;

28       2.    That judgment be entered in favor of Defendant;

3.      For costs of suit and for attorneys' fees incurred; and

4.      For such other and further relief as the Court deems just and proper.

DATED: October 24, 2011

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____

Erica K. Rocush
Robert R. Wennagel

Attorneys for Defendant ALLIANCE RESIDENTIAL, LLC, dba Alliance Residential Company

11143740.2 (OGLETREE)

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

11143740_2.DOC

**PROOF OF SERVICE**
*Guadalupe Mejia v. Alliance Residential, LLC*

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

On October 25, 2011, I served the following document(s):

**DEFENDANT ALLIANCE RESIDENTIAL, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐   **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

☐   **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐   **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐   the written confirmation of counsel in this action;

☐   [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b);

☐   [Federal Court] in accordance with the written confirmation of counsel in this action and order of the court;

☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

1

1  ☒  **(State)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2  ☐  **(Federal)**  I declare that I am employed in the office of a member of the State Bar of this

3  Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true

4  and correct.

Executed on October 25, 2011, at Costa Mesa, CA.

5

6  Katie Costantino

7  Type or Print Name                          Signature

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## SERVICE LIST

| | |
|---|---|
| Hernaldo J. Baltodano, Esq.<br>Erica Flores Baltodano, Esq.<br>BALTODANO & BALTODANO, LLP<br>992 Monterey Street, Suite D<br>San Luis Obispo, CA 93401<br>Tel: (805) 322-3412<br>Fax: (805) 322-3413<br>E-Mail: hjb@bbemploymentlaw.com | Attorneys for Plaintiff Guadalupe Mejia and the Class |
| Allen B. Felahy, Esq.<br>Oscar Ramirez, Esq.<br>FELAHY LAW GROUP, APC<br>4000 Cover Street, Suite 100<br>Long Beach, CA 90808<br>Tel: (562) 499-2121<br>Fax: (562) 499-2124<br>E-Mail: oramirez@felahylaw.com | Attorneys for Plaintiff Guadalupe Mejia and the Class |

11174688.1 (OGLETREE)

3

EXHIBIT "E"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 08/09/11 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS       JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE              Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC466175 | Plaintiff Counsel |
| | GUADALUPE MEJIA | NO APPEARANCES |
| | VS | Defendant |
| | ALLIANCE RESIDENTIAL LLC | Counsel |
| | NON-COMPLEX (08-09-11) | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Elizabeth Allen White in Department 48 at Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 48 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page   1 of   2   DEPT. 324

MINUTES ENTERED
08/09/11
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 08/09/11 | | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC466175 | Plaintiff Counsel | NO APPEARANCES |
| | GUADALUPE MEJIA | | |
| | VS | Defendant | |
| | ALLIANCE RESIDENTIAL LLC | Counsel | |
| | | | |
| | NON-COMPLEX (08-09-11) | | |

NATURE OF PROCEEDINGS:

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
08-09-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 08-10-11

John A. Clarke, Executive Officer/Clerk

By:  _____KIN HILAIRE_____
              K. HILAIRE


BALTODANO & BALTODANO, LLP
Hernaldo J. Baltodano, Esq.
992 Monterey Street, Suite "D"
San Luis Obispo, California  93411

MINUTES ENTERED
08/09/11
COUNTY CLERK

# EXHIBIT "F"

NOTICE SENT TO:

Baltodano, Hernaldo J., Esq.
Baltodano & Baltodano LLP
992 Monterey Street, Suite D
San Luis Obispo    CA   93401

ORIGINAL FILED
FILE STAMP

AUG 1 7 2011

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| GUADALUPE MEJIA | Plaintiff(s), | CASE NUMBER |
| | | BC466175 |
| VS. | | |
| ALLIANCE RESIDENTIAL LLC | Defendant(s). | NOTICE OF CASE MANAGEMENT CONFERENCE |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>January 3, 2012</u> at <u>8:30 am</u> in <u>Dept. 48</u> at 111 North Hill Street, Los Angeles, California 90012.

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>August 17, 2011</u>

Elizabeth Allen White
_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.

Date: <u>August 17, 2011</u>

John A. Clarke, Executive Officer/Clerk

by _____ **SHARI SATO** _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

For further information, please go to www.lasuperiorcourt.org. Under "Civil" click on "General Information" and then click on "Expedited Jury Trials".

## EJT-010-INFO    Expedited Jury Trial Information Sheet

This information sheet is for anyone involved in a civil lawsuit who is considering taking part in an expedited jury trial—a trial that is shorter and has a smaller jury than a traditional jury trial. Taking part in this type of trial means you give up your usual rights to appeal. **Please read this information sheet before you agree to have your case tried under the expedited jury trial procedures.**

This information sheet does not cover everything you may need to know about expedited jury trials. It only gives you an overview of the process and how it may affect your rights. **You should discuss all the points covered here and any questions you have about expedited jury trials with your attorney. If you do not have an attorney, you should consult with one before agreeing to an expedited jury trial.**

### ① What is an expedited jury trial?

An expedited jury trial is a short trial, generally lasting only one day. It is intended to be quicker and less expensive than a traditional jury trial.

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- **The trial will be shorter.** Each side has 3 hours to put on all its witnesses, show the jury its evidence, and argue its case.
- **The jury will be smaller.** There will be 8 jurors instead of 12.
- **Choosing the jury will be faster.** The parties will exercise fewer challenges.
- **All parties must waive their rights to appeal.** In order to help keep down the costs of litigation, there are no appeals following an expedited jury trial except in very limited circumstances. These are explained more fully in ⑤.

### ② Will the case be in front of a judge?

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney whom the court appoints to act as a judge) will handle the trial.

### ③ Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### ④ Is the decision of the jury binding on the parties?

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties who agree to take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

### ⑤ Why do I give up most of my rights to appeal?

To keep costs down and provide a faster end to the case, all parties who agree to take part in an expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

- Misconduct of the judicial officer that materially affected substantial rights of a party;
- Misconduct of the jury; or
- Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

→

Judicial Council of California, www.courts.ca.gov
New January 1, 2011, Mandatory Form
Code of Civil Procedure, § 630.01–630.10
Cal. Rules of Court, rules 3.1545–3.1552

**Expedited Jury Trial Information Sheet**

EJT-010-INFO, Page 1 of 2

BALTODANO & BALTODANO LLP
Hernaldo J. Baltodano (SBN 222286)
Erica Flores Baltodano (SBN 222331)
992 Monterey Street, Suite D
San Luis Obispo, California 93401
Phone: (805) 322-3412
Fax:    (805) 322-3413
Email: hjb@bbemploymentlaw.com

FELAHY LAW GROUP, APC
Allen B. Felahy (SBN 190177)
Oscar Ramirez (SBN 236768)
4000 Cover Street, Suite 100
Long Beach, California 90808
Phone: (562) 499-2121
Fax:    (562) 499-2124
Email: oramirez@felahylaw.com

Attorneys for Plaintiff GUADALUPE MEJIA
and the CLASS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| GUADALUPE MEJIA as an individual and on behalf of all others similarly situated, | CASE NO. BC466175 |
| Plaintiff, | **PLAINTIFFS' NOTICE OF CASE MANAGEMENT CONFERENCE** |
| v. | |
| ALLIANCE RESIDENTIAL, LLC, dba Alliance Residential Company; and DOES 1 through 25, | |
| Defendants. | |

TO THE COURT, ALL INTERESTED PARTIES, AND THEIR ATTORNEY'S OF

RECORD:

1

1        PLEASE BE ADVISED THAT the Court has notified Plaintiffs' Counsel that a Case

2   Management Conference (CMC) on this matter has been scheduled for January 3, 2012 at 8:30

3   am in Department 48 at 111 North Hill Street, CA 90012.

4        A true and correct copy of the Notice of CMC is attached hereto:

5

6

7   Dated:  October 14, 2011                    Respectfully submitted,

8                                              FELAHY LAW GROUP

9

10

11                                             Joshua Kuns, Esq.
                                               Attorneys for Plaintiff and the Class

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE SENT TO:

Felahy, Allen B., Esq.
Felahy Law Group, APC
4000 Cover Street, Suite 100
Long Beach,          CA   90808

ORIGINAL FILED
FILE STAMP

AUG 1 7 2011

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| GUADALUPE MEJIA | Plaintiff(s), | BC466175 |
| VS. | | |
| ALLIANCE RESIDENTIAL LLC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference. .

Your Case Management Conference has been scheduled for  January 3, 2012  at  8:30 am  in  Dept. 48
at 111 North Hill Street, Los Angeles, California  90012.

NOTICE TO DEFENDANT:     THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE
DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form #
CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement
may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the
case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order
establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the
case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay
Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case
Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections
177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  August 17, 2011                                                    Elizabeth Allen White
                                                                                    Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein,
and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a
     separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date:  August 17, 2011                                        John A. Clarke, Executive Officer/Clerk

                                                      by _____  **SHARI SATO** _____, Deputy Clerk

LACIV 132 (Rev. 09/07)                                        Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                                            LASC Local Rules, Chapter Seven

For further information, please go to www.lasuperiorcourt.org. Under "Civil" click on "General Information" and then click on "Expedited Jury Trials".

## EJT-010-INFO   Expedited Jury Trial Information Sheet

This information sheet is for anyone involved in a civil lawsuit who is considering taking part in an expedited jury trial—a trial that is shorter and has a smaller jury than a traditional jury trial. Taking part in this type of trial means you give up your usual rights to appeal. Please read this information sheet before you agree to have your case tried under the expedited jury trial procedures.

This information sheet does not cover everything you may need to know about expedited jury trials. It only gives you an overview of the process and how it may affect your rights. You should discuss all the points covered here and any questions you have about expedited jury trials with your attorney. If you do not have an attorney, you should consult with one before agreeing to an expedited jury trial.

### (1) What is an expedited jury trial?

An expedited jury trial is a short trial, generally lasting only one day. It is intended to be quicker and less expensive than a traditional jury trial.

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- The trial will be shorter. Each side has 3 hours to put on all its witnesses, show the jury its evidence, and argue its case.
- The jury will be smaller. There will be 8 jurors instead of 12.
- Choosing the jury will be faster. The parties will exercise fewer challenges.
- All parties must waive their rights to appeal. In order to help keep down the costs of litigation, there are no appeals following an expedited jury trial except in very limited circumstances. These are explained more fully in (5).

### (2) Will the case be in front of a judge?

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney whom the court appoints to act as a judge) will handle the trial.

### (3) Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### (4) Is the decision of the jury binding on the parties?

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties who agree to take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

### (5) Why do I give up most of my rights to appeal?

To keep costs down and provide a faster end to the case, all parties who agree to take part in an expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

- Misconduct of the judicial officer that materially affected substantial rights of a party;
- Misconduct of the jury; or
- Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

➡

Judicial Council of California, www.courts.ca.gov
New January 1, 2011, Mandatory Form
Code of Civil Procedure, § 630.01–630.10
Cal. Rules of Court, rules 3.1545–3.1552

Expedited Jury Trial Information Sheet

EJT-010-INFO, Page 1 of 2

For further information, please go to www.lasuperiorcourt.org. Under "Civil" click on "General Information" and then click on "Expedited Jury Trials".

## EJT-010-INFO   Expedited Jury Trial Information Sheet

### ⑥ How else is an expedited jury trial different?

The goal of the expedited jury trial process is to have shorter and less expensive trials. The expedited jury trial rules set up some special procedures to help this happen. For example, the rules require that several weeks before the trial takes place, the parties show each other all exhibits and tell each other what witnesses will be at the trial. In addition, the judge will meet with the attorneys before the trial to work out some things in advance.

The other big difference is that the parties can make agreements about how the case will be tried so that it can be tried quickly and effectively. These agreements may include what rules will apply to the case, how many witnesses can testify for each side, what kind of evidence may be used, and what facts the parties already agree to and so do not need to take to the jury. The parties can agree to modify many of the rules that apply to trials generally or even to expedited jury trials (except for the four rules described in ① ).

### ⑦ Who can have an expedited jury trial?

The process can be used in any civil case that the parties agree may be tried in a single day. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to all the other rules in ① above. The agreements between the parties must be put into writing in a document called a Proposed Consent Order Granting an Expedited Jury Trial, which will be submitted to the court for approval. The court must issue the consent order as proposed by the parties unless the court finds good cause why the action should not proceed through the expedited jury trial process.

### ⑧ Can I change my mind after agreeing to an expedited jury trial?

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial, that agreement is binding on both sides. After you enter into the agreement, it can be changed only if both sides want to change it or stop the process or if a court decides there are good reasons the expedited jury trial should not be used in the case. This is why it is important to talk to your attorney before agreeing to an expedited jury trial.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html.* The rules are at *www.courts.ca.gov/rules.*

1   Allen B. Felahy, Esq., SBN 190177
2   Oscar Ramirez, Esq., SBN 236768
    Boris Sorsher, Esq., SBN 251718
3   Joshua A. Kuns, Esq., SBN 272206
    FELAHY LAW GROUP
4   4000 Cover St., Suite 100
    Long Beach, CA 90808
5   (562) 499-2121 tel.
    (562) 499-2124 fax
6
7   Attorney for Plaintiff Mejia

8
            SUPERIOR COURT FOR THE STATE OF CALIFORNIA,
9
        FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT
10

11  GUADALUPE MEJIA as an individual and        CASE NO.: BC466175
    on behalf of all others similarly situated,
12
                                                PROOF OF SERVICE
13              Plaintiff,

14          v.

15
    ALLIANCE RESIDENTIAL, LLC, dba
16  Alliance Residential Company; and DOES 1
    through 25,
17

18              Defendants.
19

20
21  I am employed in the County of Los Angeles; State of California; I am over the age of 18 and not a
    part to the within action; my business is address is 4000 Cover Street, Suite 100, Long Beach,
22  California 90808.

23      On October 14, 2011, I served the following document(s):

24

25  **PLAINTIFF'S NOTICE OF CASE MANAGEMENT CONFERENCE**

26  upon the interested parties to this action by placing [ ] the original [ X ] true copies thereof enclosed
27  in a sealed envelope addressed as follows:

28

                                    Page 1
                              PROOF OF SERVICE

1  Ogletree Deakins
   Erica Rocush, Esq
2  Steuart Tower, Suite 1300
   One Market Plaza
3  San Francisco, CA 94105

4  BALTODANO & BALTODANO LLP
   Hernaldo J. Baltodano, Esq.
5  992 Monterey Street, Suite D
   San Luis Obispo, California 93401
6  Co-Counsel For Plaintiffs

7  [X]   (BY MAIL   [California])   I am readily familiar with Felahy Law Group's practice for
8  collection and processing of correspondence for mailing within the United States Postal Service;
   such envelope will be processing of correspondence for mailing within the United States Postal
9  Service; such envelope will be deposited with the United States Postal Service on the date shown
   below in the ordinary course of business at the business address shown above; and such envelope
10 was placed for collection and mailing on the date shown below according to Felahy Law Group's
11 ordinary business practices.

12 [ ]   (BY FEDERAL EXPRESS) I am readily familiar with Felahy Law Group's practice for
13 collection and processing of correspondence for mailing within the Federal Express Service; such
   envelope will be deposited with the Federal Express Service on the date shown below in the
14 ordinary course of business at the business address shown above; and such envelope was placed for
15 collection and mailing on the date shown below according to Felahy Law Group's ordinary
   business practices.

16 [ ]   (BY PERSONAL SERVICE)   caused the documents described hereinabove to be hand-
17 delivered to the offices of the addressee(s) on the date shown above.

18 [ ]   (BY MESSENGER SERVICE)   I caused the documents described hereinabove to be
19 hand-delivered to the offices of the addressee(s) on the date shown above.

20 [ ]   (BY TELECOPIER)   I caused the above document(s) to be telecopied to the addressee(s)
21 at the telecopier number as follows:

22 [ ]   (BY ELECTRONIC MAIL) I caused the above document(s) to be e-mailed to the
23 addressee(s) as follows:

24 [X]   (STATE COURT) I declare under penalty of perjury under the laws of the State of
   California that the above is true and correct.
25
26       Executed on October 14, 2011, at Long Beach, California.

27

28
                                        Paul Kelly

                             Page 2
                    PROOF OF SERVICE

00/00/2011  16:10:27 FAX 2132499990          NATIONWIDE LEGAL

# COPY

1  Erica K. Rocush State Bar No. 262354
   erica.rocush@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  Steuart Tower, Suite 1300
   One Market Plaza
4  San Francisco, CA  94105
   Telephone:  415.442.4810
5  Facsimile:  415.442.4870

6  Robert R. Wennagel CA Bar No. 240640
   robert.wennagel@ogletreedeakins.com
7  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
8  Park Tower, Suite 1500
   695 Town Center Drive
9  Costa Mesa, CA  92626
   Telephone:  714.800.7900
10 Facsimile:  714.754.1298

11 Attorneys for Defendant ALLIANCE RESIDENTIAL,
   LLC, dba Alliance Residential Company
12

13
14            UNITED STATES DISTRICT COURT
15            CENTRAL DISTRICT OF CALIFORNIA
16 GUADALUPE MEJIA as an individual       Case No. CV11-8879-DDP
   and on behalf of all others similarly           (JC(Gx))
17 situated
                                          DECLARATION OF CAMERON
18          Plaintiff,                    OMOTO IN SUPPORT OF
                                          DEFENDANT'S NOTICE OF
19     v.                                 REMOVAL

20 ALLIANCE RESIDENTIAL, LLC, dba         [Filed Concurrently Herewith: Notice of
   Alliance Residential Company; and      Removal; Declaration of Robert
21 DOES 1 through 25                       Wennagel in Support of Removal; Notice
                                          of Related Cases; Notice of Interested
22          Defendant.                    Parties]
23

24
25
26
27
28

Mejia_Alliance -
Declaration of

DECLARATION OF CAMERON OMOTO IN SUPPORT OF NOTICE OF REMOVAL

## DECLARATION OF CAMERON OMOTO

I, Cameron Omoto, hereby declare and state as follows:

1.     I am the Director of Risk Management for Defendant Alliance Residential, LLC (the "Company"). In this position, I am familiar with the corporate records of the Company. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, I could and would competently testify thereto. To the extent this declaration is based upon business records, those records are kept in the regular course of business, entries are made on those records in a timely manner by people with knowledge of the information being entered, and it is the regular practice of the Company's business to maintain such records.

2.     The Company is, and was at all times relevant to this action, a limited liability company formed under the laws of the State of Arizona. The Company's headquarters, and its executive and senior management personnel, as well as its primary management operations, are located at 2415 E. Camelback Road, Phoenix, Arizona 85016.

3.     Specifically, Defendant's President, Chief Financial Officer, Chief Operating Officer, Senior Managing Director, and highest ranking Human Resources employee are all located at 2415 E. Camelback Road, Phoenix, Arizona 85016. These corporate officers direct, control, and coordinate the Company's activities from these offices in Arizona.

4.     In my capacity as Director of Risk Management for Alliance Residential, LLC, I have knowledge of the Company's pay practices and the wages paid to the Company's employees. I also have knowledge regarding general employment data for the Company's employees. This knowledge includes information about the hourly wages, bonus payments and criteria therefore, dates of hire and separation of employment, and applicable pay periods during the relevant period alleged in this lawsuit, which is alleged to be from the four years prior to the filing of the Complaint and First Amended Complaint (the "Relevant Period"). I

Mejia_Alliance -
Declaration of

1

1   have regular access to this data about the Company's employees.  I am also familiar

2   with the Company's record-keeping practices, including the issuance of wage

3   statements to the Company's employees.  The records containing all of the foregoing

4   information constitute records that are maintained in the ordinary course of the

5   Company's business.

6        5.     As part of my duties, I work with the records containing the enumerated

7   employment and wage data.  I believe these records are accurately maintained to

8   allow the Company to maintain and report information about its employees' dates of

9   employment, wage rates, bonus payments, dates of wage payments, and related

10   personnel data.  The Company routinely relies on this data in the operation of its

11   business and the management of its personnel.  I personally reviewed the records

12   containing the foregoing employment and wage data.

13        6.     In his First Amended Complaint, Plaintiff seeks to bring this action on

14   behalf of a putative class of "all DEFENDANT'S current and former hourly non-

15   exempt employees who worked at DEFENDANT'S residential properties and

16   received incentive pay and overtime compensation" during the either one year or

17   four years preceding the filing of the complaint.  (FAC at ¶ 9).  Although Alliance

18   disputes that the class as alleged is a proper class under any circumstances, as

19   defined by Plaintiff in the First Amended Complaint, the putative class would

20   contain in excess of 600 members.  This figure is an approximation based on

21   Alliance's initial review of its employment data, and is subject to revision upon

22   further review of, for example, which individuals "received incentive pay and

23   overtime compensation."

24        7.     Based on a review of the records containing the applicable employment

25   and wage data, and the allegations contained in the Plaintiff's First Amended

26   Complaint, if each putative class member who had terminated employment in the

27   statutory period was awarded the maximum amount of alleged penalties under Labor

28   Code § 203 as waiting time penalties, as sought in the First Amended Complaint, the

1  penalties would be approximately $1,222,173.60.

2      8.   If each putative class member was awarded the maximum amount of

3  penalties pursuant to Labor Code § 226(e), as sought in the Complaint, said penalties

4  would be approximately $755,100.00.

5      9.   If each putative class member was awarded the maximum amount of

6  alleged penalties under the Labor Code Private Attorneys General Act of 2004, as

7  sought in the First Amended Complaint, said penalties would amount as follows:

8          a.   Penalties under Labor Code § 1198 for allegedly unpaid

9          overtime: $1,510,200.00.

10         b.   Penalties under Labor Code § 558 for allegedly unpaid overtime:

11         $755,100.00.

12         c.   Penalties under Labor Code § 204 for allegedly unpaid wages:

13         $1,510,200.00.

14         d.   Penalties under Labor Code § 201/202 or allegedly unpaid wages

15         at the time of termination or resignation: $40,000.00.

16         e.   Penalties under Labor Code § 216 for alleged refusal to pay

17         wages: $1,510,200.00.

18         f.   Penalties under Labor Code § 226.3 for allegedly non-compliant

19         wage statements and employment records: $1,937,250.00.

20     10.   The non-exempt putative class members were paid every two weeks, 26

21 times per year.

22 ///

23 ///

24 ///

25 ///

26

27

28

1

2       11.    My declaration only discusses the allegations in the First Amended

3 Complaint for the purpose of demonstrating the amount that the allegations in the

4 Complaint place in controversy in this litigation.  My declaration should not in any

5 way be construed as an admission as to any of the allegations in the First Amended

6 Complaint.

7       12.    I declare under the penalty of perjury under the laws of Arizona and the

8 United States of America that the foregoing is true and correct.

9       Executed on October 26, 2011, at Phoenix, Arizona.

10

11                        Cameron Omoto

12 11136094.1 (OGLETREE)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mejia_Alliance -
Declaration of

4

DECLARATION OF CAMERON OMOTO IN SUPPORT OF NOTICE OF REMOVAL

EXHIBIT "2"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

### CV11- 8879 DDP (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA



## Clerk's Office

### Services for Attorneys and the General Public

October 2010

---

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

**WESTERN DIVISION**
U.S. Courthouse
Clerk's Office, Room G-8
312 North Spring Street
Los Angeles, California 90012
213-894-1565

**SOUTHERN DIVISION**
Ronald Reagan Federal Building and Courthouse
Clerk's Office, Room 1-053
411 West 4th Street
Santa Ana, California 92701-4516
714-338-4750

**EASTERN DIVISION**
U.S. Courthouse
Clerk's Office, Room 134
3470 Twelfth Street
Riverside, California 92501
951-328-4450

www.cacd.uscourts.gov

---

**Court Reporters Office**

*Ordering Transcripts*

During court and criminal transcripts may be ordered by making direct arrangements with the individual court reporters. If a matter which reporter to contact for a specific in-court matter before April 2002, please refer to the appropriate docket entry on the civil or criminal docket sheet, which is now electronically available on PACER. For proceedings on matters after April 2002, the court reporter coordinates are listed on the website. Go to Court Reporter Schedule, then view all and select the date you need to check. Transcript orders from magistrate judge courts should be placed with the Court Recording Section of the Records Department. Please refer to the website for the applicable court reporter phone numbers, applicable fees, and identification of court reporter assignments. For more information, you can call the court reporter scheduler's office at 213-894-0638.

*Ordering Realtime Connection*

Realtime reporting connection should be requested in advance of the trial. Please contact the court reporter scheduler's office to request the realtime connection. There is a separate charge for the realtime connection. Please refer to the latest court fees to determine this cost. The only court experience you may connect to realtime and charge for it are federally certified realtime court reporters. Many reporters are bonded to the realtime connection if a daily transcript is being ordered. The attorney must bring his or her own laptop computer.

*Ordering Dailies*

A request for daily transcript should be made as soon as possible before the trial begins. Please notify the court reporter in the scheduler's office to arrange in advance of the trial so arrangements can be made. If a daily will not be guaranteed unless prior arrangements have been made. Please contact an individual court reporter on the day of trial and request that transcripts and reports need time to prepare.

*Touch Screen*

A touch screen is available in the lobby of each division. The touch screen allows attorneys and the public to obtain information such as office locations, telephone numbers, a list of courtroom calendars, and specific court information and courtroom calendar.

The United States District Court, Central District of California is one of the largest federal courts in the nation. The clerk's office has put this brochure together to provide a quick reference for attorneys and the general public regarding the services that are currently available. Feedback and suggestions as to how we might improve our service are always appreciated.

### Website

Information about the district court may be obtained on-line. Users can gather information about attorney admissions and filing procedures; review master and daily calendars, requirements for court appearances, Local Rules, General Orders, and recently issued and published opinions; obtain extensive attorney assistance information and available court services; download court forms, and keep apprised of recent innovations in the clerk's office. Visit the court's website at www.cacd.uscourts.gov.

### Office Hours

The clerk's office hours are 10.00 a.m. - 4:00 p.m., Monday - Friday, excluding court observed holidays. The drop-off box service for emergency filings between 4:00 p.m. - 5:00 p.m., call Western Division: 213-894-2127; Southern Division: 714-338-4764/4760; Eastern Division: 951-328-4470. After 5:00 p.m., call 213-894-2485.

### WebPACER

The "Public Access to Court Electronic Records" (PACER) is a browser based electronic retrieval system that provides criminal and civil summaries and docket information using a computer terminal. PACER also provides access to images of electronically filed court documents. The PACER service is available 24 hours a day, including weekends. To establish a PACER account, contact the PACER Service Center: 800-676-6856.

### Records

All pending criminal, civil, magistrate, and multi-district litigation (MDL) cases may be reviewed, at no charge, at the clerk's office. Case files and dockets may be viewed on the same day as requested unless the requested material is unavailable. Certain closed cases are located at the court's storage facility and may be ordered, viewed and copies obtained directly from National Archives and Records Administration (NARA) at 951-956-2000. You will need to provide the accession, location and box numbers to NARA for file retrieval. This information may be obtained from the court's website at www.cacd.uscourts.gov/nara. If there are no search results, call Western Division: 213-894-3863, email

to records_cacd@cacd.uscourts.gov; Southern Division: 714-338-4785; Eastern Division: 951-328-4450. To identify which clerk's office maintains the case file you wish to view, please refer to the prefix of the case number (two digits after the letters represent the filing year; for example, 09 is year 2009) as follows:

Western Division (Los Angeles)
CV 09-0000 – civil            CR 09-0000 - criminal
Southern Division (Santa Ana)
SACV 09-0000 - civil         SACR 09-0000 - criminal
Eastern Division (Riverside)
EDCV 09-0000 – civil         EDCR 09-0000 - criminal
There is a charge for copies, certifications, and exemplifications. For more information on closed or archived court records, visit the court's website at www.cacd.uscourts.gov/records.

### Photocopy Service

Photocopy services are available from outside copy services. Please note that exemplifications and certifications must all be obtained from the clerk's office. For payment options, contact the appropriate vendors: Western Division: 213-253-9413; Southern Division: 714-543-8125; Eastern Division: 951-328-4470.

### Interpreter Services

The interpreter services section of the clerk's office provides interpreters for all court proceedings instituted by the United States that require the use of a language other than English. The section also makes interpreter referrals in response to inquiries from law firms and the general public in cases where court-appointed interpreters are not indicated. For further information, please call 213-894-4370 or visit the court's website at www.cacd.uscourts.gov/interpreters.

### Jury Section

The court's website offers valuable information to prospective jurors. You may see responses to frequently asked questions, read the General Order 07-10 regarding the selection of Grand and Petit jurors; download the jury handbook; review jury information for all three divisions; and verify your status/instructions utilizing the Automated Juror Information System (AJIS). Submit questions or comments to the jury section at jury@cacd.uscourts.gov. Wired and wireless Internet access is available in jury assembly rooms.

### Attorney Work Room

For attorneys, a work room is located on the second floor of the Spring Street Courthouse, on the first floor of the

Roybal Federal Building, on the tenth floor of the Ronald Reagan Federal Building and U.S. Courthouse, and on the third floor of the Riverside Courthouse. The workrooms have Pentium personal computers with access to Westlaw, WordPerfect, and PACER, laser printers; wired and wireless Internet access; storage lockers; copy machines; and individual conference rooms.

### Evidence Presenters

The clerk's office has evidence presenters available for attorneys to use in court proceedings. This technology connects an overhead projector to monitors which display pictures for the judge, attorneys and the jury. There is no charge for using the equipment; however, due to the high demand for its use, the equipment is reserved on a first-come, first-served basis. For more information or to reserve the equipment, visit the court's website or contact the appropriate divisions: Western Division at 213-894-3061; Southern Division at 714-338-4785; and Eastern Division at 951-328-4450 or 951-328-4451.

### Videoconferencing

Videoconferencing allows parties at off-site locations to appear at court hearings by way of two-way audio and visual monitors. The appropriate courtroom deputy clerk should be contacted as to whether use of this equipment in the courtroom is permitted for the specific hearing or trial. There are minimal telephone charges but no equipment charges for use of the unit. For more information or to reserve the equipment, visit the court's website or contact the court's Space and Facilities Help Desk at 213-894-3061.

### E-Filing

With limited exceptions, all cases are subject to e-filing as governed by General Order 08-02, as amended by General Order 08-11. Please visit the CM/ECF web page at www.cacd.uscourts.gov/cmecf or call the CM/ECF Help Desk at 213-894-0242.

### Pro Se

The Federal Pro Se (Self-Represented Litigant) Clinic is located on the fifth floor, Room 525 in the Federal Courthouse at 312 North Spring Street, Los Angeles, California. The Pro Se Clinic, which is staffed by a lawyer, offers on-site information and guidance to individuals who are representing themselves (without an attorney) in civil actions in the United States District Court. For more information, call 213-385-2977, Ext. 270 or visit the court's website at www.cacd.uscourts.gov/prose.

# UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL

*The court has directed that the following rules be specifically called to your attention:*

    I.     Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)
    II.   Service of Papers and Process (Local Rule 4)

## I. CONTINUING OBLIGATION TO REPORT RELATED CASES

      Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

      Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by the filing of a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

      Local Rule 83-1.2.1. states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

      Local Rule 83-1.2.2 provides: Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned. It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

## II.    SERVICE OF PAPERS AND PROCESS

      Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for Service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4 (i). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

      This notice shall be given by the Clerk to the plaintiff at the time an action is filed (or to the defendant at the time a notice of removal is filed), and by the plaintiff to other parties as attachments to copies of the complaint and summonses, or by the defendant to other parties as attachments to copies of the notice to plaintiffs of removal to federal court, when served.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVILITY AND PROFESSIONALISM GUIDELINES

## Preamble

In its purest form, law is simply a societal mechanism for achieving justice. As officers of the court, judges and lawyers have a duty to use the law for this purpose, for the good of the people. Even though "justice" is a lofty goal, one which is not always reached, when an individual becomes a member of the legal profession, he or she is bound to strive towards this end.

*...there is a growing sense that lawyers regard their livelihood as a business, rather than a profession.*

Unfortunately, many do not perceive that achieving justice is the function of law in society today. Among members of the public and lawyers themselves, there is a growing sense that lawyers regard their livelihood as a business, rather than a profession. Viewed in this manner, the lawyer may define his or her ultimate goal as "winning" any given case, by whatever means possible, at any cost, with little sense of whether justice is being served. This attitude manifests itself in an array of obstinate discovery tactics, refusals to accommodate the reasonable requests of opposing counsel re: dates, times, and places; and other needless, time-consuming conflicts between and among adversaries. This type of behavior tends to increase costs of litigation and often leads to the denial of justice.

The Central District recognizes that, while the majority of lawyers do not behave in the above-described manner, in recent years there has been a discernible erosion of civility and professionalism in our courts. This disturbing trend may have severe consequences if we do not act to reverse its course. Incivil behavior does not constitute effective advocacy; rather, it serves to increase litigation costs and fails to advance the client's lawful interests. Perhaps just as importantly, this type of behavior causes the public to lose faith in the legal profession and its ability to benefit society. For these reasons, we find that civility and professionalism among advocates, between lawyer and client, and between bench and bar are essential to the administration of justice.

The following guidelines are designed to encourage us, the members of the bench and bar, to act towards each other, our clients, and the public with the dignity and civility that our profession demands. In formulating these guidelines, we have borrowed heavily from the efforts of others who have met with similar codes for this same purpose. The *Los Angeles County Bar Association Litigation Guidelines*, guidelines issued by other county bar associations within the Central District, the *Standards for Professional Conduct within the Seventh Federal Judicial Circuit*, and the *Texas Lawyer's Creed* all provide excellent models for professional behavior in the law.

We expect that judges and lawyers will voluntarily adhere to these standards as part of a mutual commitment to the elevation of the level of practice in our courts. These guidelines shall not be used as a basis for litigation or for sanctions or penalties.

Nothing in these guidelines supersedes or modifies the existing Local Rules of the Central District, nor do they alter existing standards of conduct wherein lawyer negligence may be determined and/or examined.

## I. Guidelines

### A. Lawyers' Duties to Their Clients

1. We will practice our profession with a continuing awareness that our role is to advance the legitimate interests of our clients. We will endeavor to achieve our clients' lawful objectives in legal transactions and in litigation as quickly and economically as possible.

2. We will be loyal and committed to our clients' lawful objectives, but we will not permit that loyalty and commitment to interfere with our duty to provide objective and independent advice.

3. We will advise our clients that civility and courtesy are expected and are not a sign of weakness.

4. We will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that we act in an abusive manner or indulge in any offensive conduct.

5. We will advise our clients that we will not pursue conduct that is intended primarily to harass or drain the financial resources of the opposing party.

6. We will advise our clients that we reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect our clients' lawful objectives. Clients have no right to instruct us to refuse reasonable requests made by other counsel.

7. We will advise our clients regarding availability of mediation, arbitration, and other alternative meth-

ods of resolving and settling disputes.

8   We will advise our clients of the contents of this creed when undertaking representation.

## B. Lawyers' Duties to Other Counsel

### 1. Communications with Adversaries

a. We will adhere to all express promises and to agreements with other counsel, whether oral or in writing, and will adhere in good faith to all agreements implied by the circumstances or local customs.

b. When we reach an oral understanding on a proposed agreement or a stipulation and decide to commit it to writing, the drafter will endeavor in good faith to state the oral understanding accurately and completely. The drafter will provide the other counsel with the opportunity to review the writing. As drafts are exchanged between or among counsel, changes from prior drafts will be identified in the draft or otherwise explicitly brought to the attention of other counsel. We will not include in a draft matters to which there has been no agreement without explicitly advising other counsel in writing of the addition.

c. We will not write letters for the purpose of ascribing to opposing counsel a position he or she has not taken, or to create "a record" of events that have not occurred. Letters intended only to make a record should be used sparingly and only when thought to be necessary under all of the circumstances. Unless specifically permitted or invited by the court, letters between counsel should not be sent to judges.

### 2. Scheduling Issues

a. We will not use any form of discovery or discovery scheduling as a means of harassment.

b. We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

c. We will endeavor to accommodate previously scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars, or other functions that produce good faith calendar conflicts on the part of other counsel, where it is possible to do so without prejudicing the client's rights. If we have been given an accommodation because of a calendar conflict, we will notify those who have accommodated us as soon as the conflict has been removed.

d. We will notify other counsel and, if appropriate, the court or other persons, at the earliest possible time when hearings, depositions, meetings, or conferences are to be canceled or postponed. Early notice avoids unnecessary travel and expense of counsel and enables the court to use the previously reserved time for other cases.

e. Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines. After a first extension, any additional requests for time will be considered by balancing the need for expedition against the deference one should ordinarily give to an opponent's schedule of personal and professional engagements, the reasonableness of the length of extension requested, the opponent's willingness to grant reciprocal extensions, the time actually needed for the task, and whether it is likely a court would grant the extension if asked to do so.

f. We will not request an extension of time solely for the purpose of unjustified delay or to obtain a tactical advantage.

g. We will not attach to extensions unfair and extraneous conditions. We may impose conditions for the purpose of preserving rights that an extension might jeopardize, or for seeking reciprocal scheduling concessions. We will not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint.

### 3. Service of Papers

a. We will not time the filing or service of motions or pleadings in any way that unfairly limits another party's opportunity to respond.

b. We will not serve papers sufficiently close to a court appearance so as to inhibit the ability of opposing counsel to prepare for that appearance or, where permitted by law, to respond to the papers.

c. We will not serve papers in order to take advantage of an opponent's known absence from the office or at a time or in a manner designed to inconvenience an adversary, such as late on a Friday afternoon or on the day preceding a secular or religious holiday.

d. When it is likely that service by mail, even when allowed, will prejudice the opposing party, we will effect service personally or by facsimile transmission.

### 4. Depositions

a. We will take depositions only when actually needed to ascertain facts or information or to perpetuate testimony. We will not take depositions

2

for the purpose of harassment or to increase litigation expense.

b. We will not engage in any conduct during a deposition that would be inappropriate in the presence of a judge.

c. During depositions we will ask only those questions we reasonably believe are necessary for the prosecution or defense of an action. We will not inquire into a deponent's personal affairs or question a deponent's integrity where such inquiry is irrelevant to the subject matter of the deposition. We will refrain from repetitive or argumentative questions or those asked solely for purposes of harassment.

d. When defending a deposition, we will limit objections to those that are well founded and necessary to protect our client's interests. We recognize that most objections are preserved and need be interposed only when the form of a question is defective or privileged information is sought.

e. When a question is pending, we will not, through objections or otherwise, coach the deponent or suggest answers.

f. We will not direct a deponent to refuse to answer questions unless they seek privileged information or are manifestly irrelevant or calculated to harass.

g. When we obtain documents pursuant to a deposition subpoena, we will make copies of the documents available to opposing counsel at his or her expense, even if the deposition is canceled or adjourned.

5. **Document Demands**

a. We will carefully craft document production requests so they are limited to those documents we reasonably believe are necessary for the prosecution or defense of an action. We will not design production requests to harass or embarrass a party or witness or to impose an undue burden or expense in responding.

b. We will respond to document requests in a timely and reasonable manner and not strain to interpret the request in an artificially restrictive manner to avoid disclosure of relevant and non-privileged documents.

c. We will withhold documents on the grounds of privilege only where it is appropriate to do so.

d. We will not produce documents in a disorganized or unintelligible manner, or in a way designed to hide or obscure the existence of particular documents.

e. We will not delay document production to prevent opposing counsel from inspecting documents prior to scheduled depositions or for any other tactical reason.

6. **Interrogatories**

a. We will carefully craft interrogatories so that they are limited to those matters we reasonably believe are necessary for the prosecution or defense of an action, and we will not design them to harass or place an undue burden or expense on a party.

b. We will respond to interrogatories in a timely and reasonable manner and will not strain to interpret them in an artificially restrictive manner to avoid disclosure of relevant and non-privileged information.

c. We will base our interrogatory objections on a good faith belief in their merit and not for the purpose of withholding or delaying the disclosure of relevant information. If

an interrogatory is objectionable in part, we will answer the unobjectionable part.

7. **Settlement and Alternative Dispute Resolution**

a. Except where there are strong and overriding issues of principle, we will raise and explore the issue of settlement in every case as soon as enough is known about the case to make settlement discussion meaningful.

b. We will not falsely hold out the possibility of settlement as a means for adjourning discovery or delaying trial.

c. In every case, we will consider whether the client's interest could be adequately served and the controversy more expeditiously and economically disposed of by arbitration, mediation, or other forms of alternative dispute resolution.

8. **Written Submissions to a Court, Including Briefs, Memoranda, Affidavits, Declarations, and Proposed Orders.**

a. Before filing a motion with the court, we will engage in more than a mere *pro forma* discussion of its purpose in an effort to resolve the issue with opposing counsel.

b. We will not force our adversary to make a motion and then not oppose it.

c. In submitting briefs or memoranda of points and authorities to the court, we will not rely on facts that are not properly part of the record. We may present historical, economic, or sociological data, if such data appears in or is derived from generally available sources.

3

d. In civil actions, we will stipulate to relevant matters if they are undisputed and if no good faith advocacy basis exists for not stipulating.

e. Unless directly and necessarily in issue, we will not disparage the intelligence, morals, integrity, or personal behavior of our adversaries before the court, either in written submissions or oral presentations.

f. We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety.

g. We will not move for court sanctions against opposing counsel without first conducting a reasonable investigation and unless fully justified by the circumstances and necessary to protect our client's lawful interests.

h. We will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity.

i. When a draft order is to be prepared by counsel to reflect a court ruling, we will draft an order that accurately and completely reflects the court's ruling. We will promptly prepare and submit a proposed order to other counsel and attempt to reconcile any differences before the draft order is presented to the court.

9. *Ex Parte* Communications With the Court

a. We will avoid *ex parte* communication on the substance of a pending case with a judge (or his or her law clerk) before whom such case is pending.

b. Even where applicable laws or rules permit an *ex parte* application or communication to the court, before making such an application or communication we will make diligent efforts to notify the opposing party or his or her attorney. We will make reasonable efforts to accommodate the schedule of such attorney, so that the opposing party may be represented on the application.

c. Where the rules permit an *ex parte* application or communication to the court in an emergency situation, we will make such an application or communication only where there is a *bona fide* emergency such that the lawyer's client will be seriously prejudiced by a failure to make the application or communication on regular notice.

C. Lawyers' Duties to the Court

1. We will speak and write civilly and respectfully in all communications with the court.

2. We will be punctual and prepared for all court appearances so that all hearings, conferences, and trials may commence on time; if delayed, we will notify the court and counsel, if possible.

3. We will be considerate of the time constraints and pressures on the court and court staff inherent in their efforts to administer justice.

4. We will not engage in any conduct that brings disorder or disruption to the courtroom. We will advise our clients and witnesses appearing in court of the proper conduct expected and required there and, to the best of our ability, prevent our clients and witnesses from creating disorder or disruption.

5. We will not write letters to the court in connection with a pending action, unless invited or permitted by the court.

6. Before dates for hearing or trials are set, or if that is not feasible, immediately after such date has been set, we will attempt to verify the availability of necessary participants and witnesses so we can promptly notify the court of any likely problems.

7. We will act and speak civilly to court marshals, court clerks, court reporters, secretaries, and law clerks with an awareness that they, too, are an integral part of the judicial system.

D. Judges' Duties to Others

1. We will be courteous, respectful, and civil to the attorneys, parties, and witnesses who appear before us. Furthermore, we will use our authority to ensure that all of the attorneys, parties, and witnesses appearing in our courtrooms conduct themselves in a civil manner.

2. We will do our best to ensure that court personnel act civilly toward attorneys, parties and witnesses.

3. We will not employ abusive, demeaning, or humiliating language in opinions or in written or oral communications with attorneys, parties, or witnesses.

4. We will be punctual in convening all hearings, meetings, and conferences.

5. We will make reasonable efforts to decide promptly all matters presented to us for decision.

6. While endeavoring to resolve disputes efficiently, we will be aware of the time constraints and pressures imposed on attorneys by the exigencies of litigation practice.

7. Above all, we will remember that the court is the servant of the people, and we will approach our duties in this fashion.

4